## M. M. SANFORD *vs.* H. T. JOHNSON.

### October 3, 1877.

**Lease—Husband cannot Act in such Transaction as Agent of his Wife.**—Section 4, *c.* 56, Laws 1869, enacts that no power of attorney, or other authority from a wife to her husband "to convey real estate or any interest therein," shall be of any force. *Held*, that the word "interest" includes the estate of a lessee, and that, therefore, a husband cannot, as his wife's attorney or agent, make a valid lease of her real property.

**Same—When must be in Writing.**—A lease for a term exceeding one year is required to be in writing by section 10, *c.* 41, Gen. St.

**Same—When Lessee a Tenant at Will.**—Where no term is fixed in a lease, the lessee is a tenant at will, and he may terminate his tenancy by proceeding as directed in section 21, *c.* 75, Gen. St.

Action for rent under a written lease, made by the husband of the plaintiff as her agent. The case was tried in the municipal court for the city of St. Paul, by *Flint*, J., without a jury. Judgment was ‧entered for the plaintiff, and from this judgment the defendant appealed.

*Williams & Davidson*, for appellant.

*David Sanford*, for respondent.

BERRY, J. Section 4 of chapter 56, Laws of 1869, enacts that no power of attorney or other authority from a wife to her husband, "to convey real estate, or any interest therein," shall be of any force. The word "interest" embraces the estate of a lessee, which is quite commonly denominated a leasehold interest. This meaning of the word is also distinctly recognized in section 10, c. 41, Gen. St., which provides that "no estate or interest in lands other than leases, for a term not exceeding one year," shall be created, etc. The word convey is evidently used as comprehending the word "lease," just as the word "conveyance" is used in sections 18 and 22, c. 41, Gen. St., as comprehending leases.

From this construction of the statute it follows that a husband cannot, as his wife's attorney or agent, make a valid lease of her real property. Hence it further follows that the lease attempted to be made by David Sanford, (the plaintiff's husband,) and upon which the cause of action set up in the complaint is founded, is absolutely void, and therefore no action can be maintained upon it as such lease. It is claimed, however, that the evidence shows that the plaintiff ratified the action of her husband, and adopted it as her own. The lease attempted to be made by David Sanford being absolutely void by the statute, it was incapable of ratification in any legitimate sense. Its provisions might be adopted by the plaintiff in a lease to be made by her, but not otherwise. This might be done by parol, except as respected the term. As this exceeded one year, the provisions with regard to it could be adopted by the plaintiff only by writing. Gen. St. c. 41, § 10. Although there was evidence in the case tending to

establish a parol lease by plaintiff to defendant, there was no evidence of any writing made by her in the premises, nor any evidence that the term of defendant's tenancy was in any way attempted to be fixed by her, except by her ineffectual adoption of the term prescribed in the void lease made by her husband. Assuming, then, the fact of the making of a parol lease by the plaintiff, the result is that, as no term was fixed by it, the defendant became plaintiff's tenant at will; that he was liable to her for rent as such tenant at will, and that he was authorized to terminate his tenancy by proceeding as directed in section 21, c. 75, Gen. St. *Huyser* v. *Chase*, 13 Mich. 98.

But the present action is not founded upon any alleged liability of the defendant as such tenant at will, but solely upon the void lease made by the plaintiff's husband; and since, as we have already determined, no action can be maintained upon the void lease, it follows that the defendant's motion for a dismissal of the action should have been granted; and it further follows that the conclusion of law found by the court below, to the effect that the plaintiff was entitled to recover, is erroneous. The judgment is accordingly reversed.