(Opinion published 52 N. W. Rep. 384.)

---

### ELIZA G. FINCH *vs.* THOMAS MOORE.

Submitted on briefs May 11, 1892. Decided June 1, 1892.

**Notice to Terminate a Lease from Month to Month.**

When leased premises are held from month to month, without any limitation as to the time when the estate is to be determined, either party is entitled to notice, as prescribed by 1878 G. S. ch. 75, § 40, of the determination of the estate by the other.

**Certain Acts not a Waiver of Notice.**

A mere tender of the keys of the house by a third party is not equivalent to such notice, nor does the landlord waive his right to the notice, nor does he accept the premises, by entering the house with a person who has been sent by the tenant to remove articles left there by the latter, nor by entering the house to see that the water is properly turned off.

Appeal by defendant, Thomas Moore, from an order of the Municipal Court of the City of Minneapolis, *Elliott*, J., made May 27, 1891, denying his motion for a new trial.

On August 27, 1889, defendant rented of plaintiff, Eliza G. Finch, a dwelling house and premises in Minneapolis from month to month, agreeing with her to pay forty dollars a month rent in advance on the twenty-seventh day of each month. He occupied the premises until December 9, 1890, and paid the rent to the twenty-seventh day of that month. On December 10, 1890, he sent the keys of the house to the plaintiff, but she refused to receive them. No written or other notice was given her of his intention to terminate

the lease. After defendant left the house he sent an expressman to get some things he had left. Plaintiff went into the house with the expressman to see that he did not take fixtures belonging to her. Afterwards she went in again to see whether the water was properly turned off.

This action was to recover two months' rent to February 27, 1891. The action was tried by the Court without a jury. Findings were made and judgment ordered for the plaintiff for eighty dollars, and interest. The defendant moved for a new trial, and being denied, he appealed.

*Marcus P. Hayne*, for appellant.

*S. M. Finch* and *H. G. Herring*, for respondent.

COLLINS, J. As the holding of plaintiff's premises by defendant was from month to month, without any limitation as to the time when the estate was to be determined, either party was entitled to notification, as provided in 1878 G. S. ch. 75, § 40, of the determination of the estate by the other. *Sanford* v. *Johnson*, 24 Minn. 172. See, also, *Petsch* v. *Biggs*, 31 Minn. 392, (18 N. W. Rep. 101;) *Hunter* v. *Frost*, 47 Minn. 1, (49 N. W. Rep. 327;) *Brownell* v. *Welch*, 91 Ill. 523; *Hollis* v. *Burns*, 100 Pa. St. 206; *Hilsendegen* v. *Scheich*, 55 Mich. 468, (21 N. W. Rep. 894.) The trial court found that such notice had not been given by defendant, and that, therefore, plaintiff was entitled to recover the rent for at least two months. This finding of fact could not have been otherwise on the evidence. A mere tender of the keys by a third party was not equivalent to nor could it be allowed to take the place of this notice. Nor did the plaintiff waive her right to a notice, nor accept the premises, by going into the house with the person who had been sent by defendant to remove a few articles left there by him, nor by entering afterwards, as cold weather approached, to see that the water was properly turned off.

The defendant had occupied the premises as plaintiff's tenant from month to month, for several months. There was no controversy over the amount which he had agreed to pay for each month, and, if there was anything due as rent, there was no good reason

why its payment should not be enforced in this action, although the plaintiff had alleged in her complaint that the premises were leased to defendant for the period of one year, and had failed to prove a valid lease under the statute of frauds.    Defendant's motion to dismiss on this ground was properly denied.

Judgment affirmed.