SUSAN R. EASTMAN *vs.* GEORGE VETTER.

Submitted on briefs April 20, 1894. Affirmed May 7, 1894.

No. 8835.

**Notice to end tenancy from month to month.**

> A tenancy at will from month to month, rent payable monthly, can only be terminated by one month's notice. 1878 G. S. ch. 75, § 40.

**Form of the notice to end tenancy.**

> Notice by the tenant that he surrenders possession on the day on which the notice is given will not terminate the tenancy on the expiration of one month from that date.

Appeal by defendant, George Vetter, from an order of the District Court of Hennepin County, *Henry G. Hicks*, J., made February 17, 1894, denying his motion for a new trial.

On July 26, 1883, plaintiff, Susan R. Eastman, leased to James Rickey the six story building Nos. 412 and 414, Nicollet Avenue, Minneapolis, for the term of five years from that date with the right to have the lease extended for two additional terms of five years each and with the privilege of subletting any portion of the building. Rickey agreed to pay $659.90 rent per month on the first day of each month. On February 28, 1888, Rickey sublet to defendant, George Vetter, Room No. 412 and the basement under the front of the same for a fur store from that date to July 26, 1893, and Vetter agreed to pay as rent therefor $250 per month payable monthly in advance on the first day of each month during the term. He entered and occupied the premises under this lease. In May, 1888, Rickey orally assigned to the plaintiff all his rights under the lease with Vetter and thereafter Vetter paid the rent to her as it fell due until the expiration of his term. Rickey did not renew

his lease with Mrs. Eastman. Vetter continued to occupy the premises after July 26, 1893, for the remaining five days in July and for the month of August, 1893, and paid rent at the same rate to October 1, 1893. On August 31, 1893, Vetter vacated the premises and sent the keys to plaintiff with the following notice:

"Enclosed are the keys to store No. 412 Nicollet Ave., which are hereby turned over to you and you now have possession of said store and premises this August 31, 1893."

On the same day plaintiff replied as follows:

"The keys of store No. 412 Nicollet Ave., tendered to me this afternoon by Mr. Eichelzer, and which I refused to accept, are at your disposal, and I shall look to you for the rent of the premises."

This action was to recover $500 rent for the months of October and November, 1893. At the trial on January 5, 1894, the foregoing facts appeared and the Judge directed the jury to return a verdict for the plaintiff for the sum claimed. Defendant excepted. The verdict was entered and defendant moved for a new trial. Being denied, he appeals.

*Charles P. Barker,* for appellant.

Rickey could not lease beyond his own term. The character of the tenancy is determined at the day of entry. The alleged lease to Vetter was void, and he was a tenant at will from month to month. *Donahue* v. *Chicago B. N. Co.,* 37 Ill. App. 552; 1878 G. S. ch. 41, § 10; *Johnson* v. *Albertson,* 51 Minn. 333; *Weed* v. *Lindsay,* 88 Ga. 686; *Crommelin* v. *Thiess,* 31 Ala. 412; *Sinclair* v. *Jackson,* 8 Cow. 543; *Fall* v. *Moore,* 45 Minn. 515.

The law of landlord and tenant is largely judicial legislation and therefore subject to a reasonable application to the facts in each particular case. The defendant vacated the premises before he served the notice. He delivered the keys to plaintiff and paid the rent of $250 for the succeeding month of September. He thereby gave her a month's notice of his intention to end the tenancy.

*M. P. Brewer,* for respondent.

Vetter was either the tenant of the plaintiff under the written lease or in the language of his counsel he was a tenant at will from month to month, and if the latter the tenancy arose from

implication and not from express contract. There was either a valid written lease for five years or there was a tenancy from month to month by implication from the acts of the parties in paying and accepting rent. *Johnson* v. *Albertson,* 51 Minn. 333.

Upon the tenant's own theory of the case, that he was a tenant at will from month to month, his liability in this action for the rent remains. Such a tenancy could only be terminated by the notice provided by statute. 1878 G. S. ch. 75, § 40.

The notice did not purport to be given for the purpose of terminating the tenancy and did not fix any date for termination of the tenancy other than August 31, 1893, that being the date upon which it was given. 1 Wood, Landlord & Tenant, § 39; *Steward* v. *Harding,* 2 Gray, 335; *Oakes* v. *Munroe,* 8 Cush. 282; *Boynton* v. *Bodwell,* 113 Mass. 531; *Elliott* v. *Stone,* 12 Cush. 174.

MITCHELL, J. Defendant's contention is—and it is the view of the law of the case most favorable to him—that he was holding under the plaintiff as tenant at will from month to month, rent payable monthly. Such a tenancy could only be terminated by one month's notice in writing. 1878 G. S. ch. 75, § 40.

The notice given by defendant was to the effect that the tenancy was terminated on the very day it was given.

Such a notice was clearly insufficient. It did not terminate the tenancy on the day named, and could not, by mere lapse of time, become effectual to terminate it on some other and later date.

A notice of this kind is a distinct act, which must be sufficient and complete of itself, without reference to subsequent events or proceedings. Had plaintiff, instead of defendant, sought to terminate the tenancy, and the former had served on the latter a notice to quit immediately, she could not have maintained an action for possession, although a month had elapsed after service of the notice and before the commencement of the action. But it can make no difference which party attempts to terminate the tenancy. *Grace* v. *Michaud,* 50 Minn. 139, (52 N. W. 390;) *Oakes* v. *Munroe,* 8 Cush. 282.

All that it is necessary to say as to defendant's counterclaims is that, waiving the question of the doubtful sufficiency of both the answer and the assignments of error, defendant's "offers" were

all properly excluded because each of them was, in part at least, incompetent.

Order affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 989.)

