LOUISA I. PRENDERGAST v. OLAF O. SEARLE.

November 29, 1898.

Nos. 11,325—(96).

**Action for Rent—Surrender of Premises by Tenant.**

*Held*, on the facts admitted and found in this action, which was brought to recover rent for leased premises after the tenant vacated, that the landlord was entitled to recover for two months' rent, and that it was immaterial whether the tenant entered under a written lease for twenty months, or under a verbal lease for an indefinite period of time, and was a tenant from month to month.

|      |     |
|------|-----|
| 74   | 333 |
| a78  | 269 |
| 74   | 333 |
| s81  | 292 |
| 81   | 293 |
| 81   | 294 |

From an order of the municipal court of St. Paul, Twohy, J., denying a new trial, after findings and order for judgment in favor of plaintiff for $100, defendant appealed. Affirmed.

*Horton & Denegre*, for appellant.

*Hunt, Prendergast & Griggs*, for respondent.

COLLINS, J.

The defendant, as a tenant, used and occupied plaintiff's premises for 33 months, removing from the same June 30, 1897, and paying as rent the sum of $50 in advance for each and every month.

This was an action brought to recover rent for the months of July and August, 1897. The principal controversy at the trial was whether or not defendant entered into possession by virtue of a written lease, in which the term was fixed at 20 months, commenc-

ing September 1, 1894, with rent stipulated as above stated. The plaintiff claimed there was such a lease, which was left in defendant's possession, while defendant contended that there was no written lease, and, if there was, that it was absolutely void, under the decisions of the court in Sanford v. Johnson, 24 Minn. 172, and Fall v. Moore, 45 Minn. 517, 48 N. W. 404, and that he verbally leased the premises for an indefinite period, commencing September 1, 1894, at a rental of $50 per month, payable, as plaintiff claimed, in advance.

The court below found that there was a written lease of the tenor stated, but as we regard the case, taking the facts as admitted and found, this finding has no materiality, when considering plaintiff's right to recover rent for the months of July and August. If there was a written lease, and if, as argued by plaintiff's counsel, continued use and occupation by defendant, and payment of the rent stipulated, after the term expired, operated as a renewal, the order for judgment for rent for July and August; 1897,—the tenth and eleventh months after the 20 months expired,—was correct. Upon the other hand, if there was no written lease, and if, as urged by defendant's counsel, their client was simply a tenant at will from month to month, with rent payable in advance for the 33 months of actual residence, he could not release himself from all further obligations to pay rent after June 30 by vacating the premises on that day.

If we should assume that removal from the premises, coupled with notice to the lessor of such removal, was equivalent to serving the notice to determine the term of the estate, provided for in G. S. 1894, § 5873, in cases of estates at will, the evidence shows nothing more than a removal on June 30. The defendant was therefore liable for the rent for two months commencing July 1, and plaintiff could recover it, under the complaint in this action, even if he failed to prove a valid lease. Finch v. Moore, 50 Minn. 116, 52 N. W. 384.

Order affirmed.