HORACE A. WAGGONER v. S. H. PRESTON and Another.[1]

May 31, 1901.

Nos. 12,576—(117).

**Notice to Quit—Pleading.**

In a forcible entry and detainer action, the complaint alleged a tenancy from month to month, and that defendant's lease was terminated June 19, 1900, by notice duly served. The answer denied the fact of service, and this was the main and material issue on the pleadings and at the trial. In the notice actually served and produced in evidence, the termination of the tenancy was specifically designated and fixed as of June 1. *Held*, that there was a total failure of proof on the part of

[1] Reported in 86 N. W. 335.

the plaintiff as to the service of a sufficient notice to vacate and surrender the leased premises.

Action in the municipal court of Waseca for restitution of demised premises. Judgment was entered in favor of defendants and plaintiff appealed on questions of law alone to the district court for Waseca county. From a judgment entered pursuant to an order, Buckham, J., affirming the judgment of the municipal court, plaintiff appealed to the supreme court. Affirmed.

*John Moonan*, for appellant.

*P. McGovern*, for respondents.

COLLINS, J.

This was an action brought on June 25, 1900, in the municipal court of the city of Waseca, under the forcible entry and detainer act, to recover possession of certain premises owned by plaintiff, and theretofore occupied by defendants under a verbal lease, from month to month.

In the complaint it was alleged that on or about February 19, 1900, the premises were leased to the latter; that this lease was from month to month, and was subject to termination by either party upon proper notice; that on May 19, of said year, plaintiff, by notice in writing, duly and legally terminated the right of the defendants to occupy the premises, and required them to remove therefrom; and that said right of tenancy was so duly and legally terminated after the 19th day of June of the same year. The answer admitted the alleged contractual relations between the parties; asserted that the lease was entered into on February 19; and put in issue the serving of any notice of the termination of the tenancy or right to occupy. On the pleadings the real issue was as to the time and the fact of service of this notice.

At the trial the plaintiff offered in evidence a notice to vacate and to surrender possession of the premises on or before June 1, which notice bore date April 18, and to its introduction objection was made upon the ground that it was incompetent, irrelevant, and immaterial. This objection was overruled by the court, and defendants' counsel took an exception. When plaintiff rested, judgment was ordered in favor of defendants, and upon entry

83 M.—22

thereof plaintiff took an appeal, upon questions of law alone, to the district court, where, upon evidence taken in the court below and the record, this judgment was affirmed.

This appeal is from a judgment in defendants' favor in the district court. It will have to be affirmed. The only manner in which the tenancy from month to month could be terminated was by mutual agreement, or by one of the parties giving one month's notice, as prescribed in G. S. 1894, § 5873; and it was imperative that in the notice the termination of the tenancy be fixed with some month, counting from the beginning of the tenancy. Grace v. Michaud, 50 Minn. 139, 52 N. W. 390. In that case the tenant attempted to terminate such a tenancy by serving a present notice upon the landlord. It was held that a notice of an intention to surrender the lease and vacate the premises forthwith, or on any day in the interval between the times of payment, was not the notice contemplated by the statute, and unavailing. It was stated in the opinion that

"The lease is 'determined' by such notice, properly given by either party. It is manifest, therefore, that when such consequences depend upon the notice to be given the notice should fix with reasonable exactness the time at which these consequences may begin to take effect."

And in Eastman v. Vetter, 57 Minn. 164, 58 N. W. 989, it was held that a notice by a tenant that he surrenders possession on the day on which the notice is given will not terminate a tenancy from month to month, at the expiration of one month from that day. In Alworth v. Gordon, 81 Minn. 445, 84 N. W. 454, it was held that substantial, not technical, accuracy is required in such a notice. This was in line with the conclusion reached in an earlier decision. Petsch v. Biggs, 31 Minn. 392, 18 N. W. 101.

But this is not a case for application of the rule as to substantial accuracy as against a mere technicality, nor for an application of the statute (G. S. 1894, § 5262), as to a variance between the allegations in the pleadings and the proof at the trial. It is a case where, upon a material issue made by the pleadings, there was a total failure of proof on the part of the plaintiff. The complaint alleged that the defendants' right of occupancy was termi-

nated by notice on June 19, 1900, and that on June 19, 1900, plaintiff was the owner of the premises. The proof was that the notice terminated defendants' tenancy as of June 1. If the complaint was right, the notice did not comply with the statute as heretofore construed, and was insufficient in a matter of substance. If the complaint was wrong, it should have been amended so as to correspond with the fact.

Judgment affirmed.