MARY A. VAN BRUNT v. G. W. WALLACE.[1]

December 19, 1902.

Nos. 13,215—(175).

#### Husband and Wife—Lease.

Sanford v. Johnson, 24 Minn. 172, followed, in which it was held that a leasehold interest cannot be created in real property belonging to a wife by an act of her husband as her agent, and that such a lease is invalid and of no force.

#### Notice to Quit.

Although the original entry by defendant was without authority, payment of the rent for one month made him a tenant at will; and thereafter, by reason of G. S. 1894, § 5873, notice was required to determine and terminate the estate.

#### Action for Rent—Defense.

Where defendant became a tenant at will under such circumstances, it is held that false statements and representations as to the condition of the heating plant in the house made by the husband are inadmissible as a defense in an action for rent brought by the wife.

#### Question for Jury.

Held, that whether or not the plaintiff accepted the surrender of the premises when defendant vacated was a question for the jury.

Action in the municipal court of Duluth to recover $350 rent upon a lease. The case was tried before Edson, J., and a jury, which rendered a verdict in favor of plaintiff for $105.62. A motion for a new trial being denied, defendant appealed to the district court for St. Louis county. From an order, Cant and Dibell, JJ., reversing the order of the municipal court, plaintiff appealed to the supreme court. Reversed, with directions to enter judgment upon the verdict.

*Frederick A. Teall*, for appellant.

*Davis, Hollister & Hicks* and *H. J. Grannis*, for respondent.

COLLINS, J.

Action for rent, based upon an alleged lease of a dwelling house for the term of eight months from September 1, at a stipulated

[1] Reported in 92 N. W. 521.

rental of $50 per month. It was brought in the municipal court for the city of Duluth, and plaintiff had a verdict for the sum of $100, for two months' rent,—October and November,—and interest. The court denied defendant's motion for a new trial, and upon appeal to the district court (Laws 1901, c. 397) the order was reversed.

It was admitted in the complaint that the defendant had paid rent for the first month of the alleged term of eight months. The answer alleged the lease to have been from month to month, and for a no more definite term, commencing at the beginning of the month of September, for which rent had been paid to the husband. It was also alleged that at the time defendant rented the premises the plaintiff stated and represented that the heating plant was in first-class condition, and abundantly sufficient to furnish the house with adequate heat; that defendant relied upon these statements; that they were false and untrue, and so known to be by plaintiff; that after duly notifying her of this defective condition of the plant, and upon her neglect to put the same in order, defendant moved out and vacated said premises, in the middle of the month of October. There was a further defense that, at the time defendant moved out and vacated, the plaintiff accepted a surrender of the premises.

1. It was undisputed that whatever agreement was made concerning the premises was between plaintiff's husband, as her agent, and defendant; and for this reason the trial court charged the jury that there was no valid lease for either eight months, or from month to month, for an indefinite period. This view of the law was based upon G. S. 1894, § 5534, which has been construed to the effect that a leasehold interest in real property belonging to a wife cannot be created by an act of a husband as agent, and that such a lease is invalid and of no force. Sanford v. Johnson, 24 Minn. 172. There has never been any departure from this doctrine in the subsequent cases in this court, and it has often been recognized. The lease alleged in the complaint (one for a term of eight months), as well as the lease from month to month (the term being indefinite), relied upon by defendant, were invalid for all purposes. For this reason the trial court ruled correctly

when it held that the defendant could not be permitted to give evidence of the alleged statements and representations as to the condition of the heating plant made by plaintiff's husband, and as part of his agreement for leasing. It is obvious that if this agreement between the plaintiff's husband and the defendant was invalid, because of the husband's incapacity to lease his wife's real estate, it was void as a whole. Every portion of it must be rejected, if any part; and no feature of it can be made the basis of an action by plaintiff, or of a defense by her adversary.

As before stated, the defendant took possession of the premises under a void lease. But he paid to plaintiff's husband, her general agent, one month's rent in advance. If defendant did not become a tenant at will, by implication, upon entry and occupation, he did by payment of the rent to plaintiff's general agent, who, as such agent, was authorized to receive payment. This act brought both parties under the statute requiring notice in order to determine and terminate the estate. G. S. 1894, § 5873. Without this notice the defendant could not lawfully remove from the premises and evade the payment of rent subsequently accruing. Nor could plaintiff evict without it. Sanford v. Johnson, supra; Finch v. Moore, 50 Minn. 117, 52 N. W. 384; Eastman v. Vetter, 57 Minn. 164, 58 N. W. 989.

2. It is contended by defendant's counsel that from the testimony it conclusively appeared that plaintiff's husband accepted a surrender of the premises. Admitting that, as her agent, he could accept a surrender, and thus terminate a tenancy at will, we do not concur in the views of counsel as to the conclusiveness of the evidence. The question as to acceptance was, on the facts, one for the jury, and the finding was in plaintiff's favor.

3. Counsel for defendant raises a question as to plaintiff's right in this action, brought upon a lease for a definite term, to recover as for rent due from a tenant at will. This point was disposed of in Finch v. Moore, supra.

The order of the municipal court refusing a new trial should have been affirmed by the district court.

The order appealed from, which, in effect, granted a new trial, is hereby reversed, and the case remanded, with a direction to enter judgment on the verdict.