### J. B. GOODWIN v. S. M. CLOVER.[1]

February 5, 1904.

Nos. 13,753—(204).

**Tenant under Void Lease.**

Plaintiff entered into possession of certain land under a written lease, which was void under the statute of frauds, raising a crop of grain thereon, which defendant wrongfully took and converted to his own use. It is *held* that, as the written lease was void, plaintiff became and was a tenant at will, and entitled to the possession, use, and occupation of the land until his tenancy was terminated in the manner prescribed by statute.

**Tenancy and Rent.**

In such cases the parties are not governed, respecting the duration of the tenancy, or the manner of terminating it, by the terms of the written contract. The written contract controls as to the rent to be paid, but not as to the term or character of the tenancy.

**Evidence.**

Findings of the trial court *held* sustained by the evidence.

Appeal by defendant from a judgment of the district court for Polk county, entered pursuant to the findings and order of Grindeland, J. Affirmed.

*W. E. Rowe* and *G. A. E. Finlayson,* for appellant.

*A. A. Miller,* for respondent.

BROWN, J.

Action to recover the value of certain wheat and hay alleged to have been wrongfully taken from plaintiff by defendant and converted to his own use, in which plaintiff had judgment in the court below, and defendant appealed.

Practically the only question presented by the assignments of error is whether the findings of the trial court are sustained by the evidence. If they are sustained, the judgment appealed from must be affirmed. The evidence tends to show that plaintiff entered into possession of

[1] Reported in 98 N. W. 322.

certain land under a written lease executed by an agent of the owner. The term of the lease exceeded one year, and, as the authority of the agent to execute the lease was not in writing, as required by section 4213, G. S. 1894, it was invalid. But the land covered by the lease was adapted to agricultural purposes only, and, as plaintiff went into the actual possession thereof under the contract, and commenced the cultivation of the land, planting crops thereon, and harvesting the same, he became and was a tenant at will, with the undoubted right to continue in possession until his tenancy should be terminated according to law. In the fall of the year 1902, while plaintiff was so in possession of the land, defendant entered thereon against the protests of plaintiff, and cut and removed a large quantity of hay, and in the nighttime took and carried away a quantity of wheat which plaintiff had raised on the land; the same being in the shock when taken by defendant. The court below found that plaintiff was the owner of the property taken and carried away by defendant, and ordered judgment in plaintiff's favor.

We think the findings are fully sustained by the evidence. Whether plaintiff's lease was void or voidable is not important, for he was put into possession of the land under it, and was so in possession at the time defendant committed the acts complained of. He was at least a tenant at will, and his right to occupy the land had never been terminated by any act sufficient for that purpose. Defendant justified seizing the property and carrying it away under a lease from a third person, who, he claims, had the right to lease it to him. It is claimed by defendant that because of a provision in the lease under which plaintiff occupied the land, reserving in the owner the right to sell the same at any time, plaintiff's rights became terminated by a sale made by the owner subsequent to the time the lease was executed. The lease did reserve in the owner the right to sell and convey it at any time, and the lease was made subject to that right—the owner agreeing that, in case he did make such a sale before the expiration of the lease, he would pay plaintiff the sum of $1.25 per acre for all land plowed by him—and the fair import of the contract would permit plaintiff to remove his crops. The land was sold by the owner, but no attempt was made by him or the purchaser to terminate plaintiff's tenancy, so far as the findings of the court disclose; and we are guided by the

findings in deciding the case. Jordan v. Secombe, 33 Minn. 220, 22 N. W. 383. No request was made to correct them. Bradbury v. Bedbury, 31 Minn. 163, 16 N. W. 854. No offer was made to pay him for the land plowed, and no notice given to quit or surrender the premises to the owner. Besides, plaintiff was not, if counsel's contention that the lease was void is sound, holding under the written contract, but was a tenant at will, the duration of which tenancy, or the manner of terminating it, would not be controlled by the terms of the writing.

The authorities hold that, where a tenant enters into the possession of land under a void lease, the contract regulates the terms of the tenancy, as respects the rent to be paid. Evans v. Winona Lumber Co., 30 Minn. 515, 16 N. W. 404. But the duration of the tenancy is not thus governed. The lessee is a tenant at will, and the tenancy can be terminated only in the manner prescribed by statute. Such being the case, it is clear that plaintiff had the superior right to the possession of the land; the crops raised thereon, including the natural crop of hay, belonged to him; and defendant was a wrongdoer and trespasser in the acts committed by him.

Within the findings of the trial court, which are fully sustained by the evidence, judgment was properly ordered for plaintiff, and it is affirmed.