# JOHN J. SUTTON v. E. A. BREKKE.[1]

February 9, 1912.

Nos. 16,899—(16).

**Husband and wife — contract as to real estate.**

Plaintiff, by virtue of some arrangement with the husband of the mortgagor, sought to recover rent of premises upon which he held a mortgage. *Held:* The husband had no authority to enter into the contract, and it was invalid. R. L. 1905, § 3609. [Reporter.]

Action begun in justice court, where plaintiff recovered a verdict for $35. From the judgment defendant appealed on questions of law and fact to the district court for Marshall county. The case was tried before Grindeland, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*J. J. Sutton* and *Charles Loring,* for appellant.

*J. J. Olson* and *E. A. Brekke,* for respondent.

PER CURIAM.

This action was brought in justice court to recover the sum of $35, where plaintiff had a judgment. Defendant appealed upon questions of law and fact to the district court, where a verdict was returned in his favor. Plaintiff then appealed to this court from an order denying a new trial.

The money sought to be recovered represents the rent due from a tenant of real property belonging to a Mrs. Willer. It is unnecessary to state how it came into the hands of defendant, who was not the tenant. Plaintiff had a mortgage upon the property, and he claims the money by right of some arrangement with the husband of Mrs. Willer, as the result of which he occupied the position with respect to the property of mortgagee in possession. He claims that under the arrangement with the husband plaintiff was placed in the possession of the property, with the right to collect the rents from the tenant, applying the same upon a prior foreclosed mortgage and upon the one held by himself. Plaintiff's whole case depended upon the validity of this arrangement. It is quite clear that the husband had no authority to enter into the contract and that it was wholly invalid. Section 3609, R. L. 1905; Van Brunt v. Wallace, 88 Minn. 116, 92 N.

[1] Reported in 134 N. W. 289.

W. 521. On no other theory of the case did the evidence show a right of recovery in plaintiff.

There were no errors in the admission or exclusion of the evidence.

Order affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.