M. H. FISHER v. S. G. HELLER.[1]

February 19, 1926.

No. 24,985.

**When lessee of homestead under void lease may be evicted.**

1. The lessee of a homestead, the lease being void, because the wife of the lessor failed to sign it, becomes a tenant at will when he enters into possession under the lease and is bound to pay rent in accordance with the terms thereof. If he fails to do so, he may be evicted under the Unlawful Detainer Statute, G. S. 1923, § 9149.

**How plaintiff proved his right to possession against tenant at will.**

2. Plaintiff, the assignee of a void lease, established his right to possession by proof of the defendant's failure to pay rent, proof of a deed of the property, executed by the lessor and his wife to B, and of a subsequent deed from B to plaintiff, in which a blank was left for the insertion of the name of the grantee, and proof of the authorized insertion of plaintiff's name therein.

Deeds, 18 C. J. p. 176 n. 52.
Landlord and Tenant, 35 C. J. p. 1124 n. 55, 61; 36 C. J. pp. 345 n. 40; 629 n. 27; 632 n. 60; 633 n. 89, 5.

[1]Reported in 207 N. W. 498.

Defendant appealed from a judgment of restitution, after findings by White, J., in an action in unlawful detainer in the municipal court of Minneapolis.   Affirmed.

*Lester W. Crawhall* and *Sam J. Levy*, for appellant.

*H. L. Hoidale*, for respondent.

LEES, C.

Action in unlawful detainer in which the plaintiff had a judgment, from which defendant appeals.

On April 3, 1924, P. H. Greear leased his homestead to defendant for a period of two years.   Greear's wife did not sign the lease. Greear and his wife moved out of the house and defendant took possession under the lease.   On April 26, 1924, Greear assigned the lease to plaintiff, to whom defendant paid the rent for the months of May, June, July and August.   Since August, 1924, he has remained in possession without paying any rent.   At the time of the trial, the rent for nine months was unpaid.

In July, 1924, Greear and his wife executed a warranty deed of the property to Helen J. Burdick, who is plaintiff's sister.   Plaintiff paid the consideration, taking the title in his sister's name as a matter of convenience.   The deed recites that the property is subject to two mortgages described therein and to "tenant lease."

In August, 1924, Mrs. Burdick and her husband executed a quitclaim deed with the name of the grantee left blank, and delivered the deed to plaintiff, who subsequently inserted his name as grantee. After the commencement of this action Mrs. Burdick and her husband executed a second quitclaim deed to the plaintiff confirming the former one and reciting that "the name of Miles H. Fisher was written in as grantee after the execution thereof but with authority from the grantors herein."

The points raised on this appeal are: (1) That the lease is void; (2) that the relation of landlord and tenant cannot be created by a void lease, hence an action of unlawful detainer cannot be maintained thereon; and (3) that when this action was commenced plaintiff was not entitled to possession.

G. S. 1923, § 9149, provides that

"When any person holds over lands or tenements * * * contrary to the conditions or covenants of the lease or agreement under which he holds, or after any rent becomes due according to the terms of such lease or agreement, * * * the person entitled to the premises may recover possession thereof in the manner hereinafter provided."

Granting that in its inception the lease was void because Mrs. Greear did not sign it, defendant, who went into possession under it, became a tenant at will and was bound by the terms of the lease as to the amount of rent to be paid. Evans v. Winona Lbr. Co. 30 Minn. 515, 16 N. W. 404. The rule adopted in that case is that, although an instrument is void as a lease, if the lessee goes into possession under it, it regulates the terms of the tenancy as respects rent. Goodwin v. Clover, 91 Minn. 438, 98 N. W. 322, 103 Am. St. 517, is to the same effect.

The relation of landlord and tenant may exist, although the lease under which possession is taken is void. In such a case a tenancy at will is created, 35 C. J. 1124, and the tenant cannot escape the consequences of a failure to pay the rent for which the lease provides.

The assignment to plaintiff transfers the lease, together with all right, title and interest of the lessor therein. To prevail, plaintiff had to establish his right to possession. When Greear and his wife conveyed to Mrs. Burdick, ownership and the right of possession, subject to defendant's tenancy, vested in her. When she conveyed to plaintiff, he acquired all her rights. The evidence clearly warranted the conclusion that she authorized her brother to insert his name in the deed as grantee, hence the deed was a good conveyance of the property. Casserly v. Morrow, 101 Minn. 16, 111 N. W. 654; Board of Education v. Hughes, 118 Minn. 404, 405, 136 N. W. 1095, 41 L. R. A. (N. S.) 637; Schauble v. Hedding, 138 Minn. 187, 164 N. W. 808.

The conclusion follows that when this action was begun plaintiff owned the property and had the right of possession, and might summarily evict defendant for the nonpayment of rent by an action under the Unlawful Detainer Statute.

The point is made that the deeds referred to were inadmissible in evidence because revenue stamps were not affixed to them as required by the Federal law. The point is not raised by the assignments of error, hence we do not consider it.

Judgment affirmed.