## M. H. FISHER v. S. G. HELLER.[1]

April 5, 1928.

Nos. 26,602, 26,612.

**Tenant in possession under void lease is liable for rent.**

1. A tenant who takes possession under a void lease becomes a tenant at will and liable for the specified rent until the tenancy is terminated.

**Grantee in conveyance from lessor may collect rent accruing.**

2. A conveyance of the fee by the lessor does not terminate such a tenancy nor convert it into a tenancy at sufferance, and the grantee may enforce payment of subsequently accruing rent.

**What establishes tenancy at will.**

3. Payment by the tenant and acceptance by the grantee of monthly instalments of rent under the void lease is sufficient to establish a tenancy at will between them, even if it did not previously exist.

Landlord and Tenant, 35 C. J. p. 1124 n. 55, 61; p. 1128 n. 15; p. 1136 n. 60.
Vendor and Purchaser, 39 Cyc. p. 1631 n. 19.

See 16 R. C. L. 574; 4 R. C. L. Supp. 1066; 6 R. C. L. Supp. 965.

Two actions for the recovery of rent. Defendant appealed from an order of the district court for Hennepin county; Waite, J. (26,602), and from an order of the municipal court of Minneapolis, Carroll, J. (26,612), striking his answer as sham and frivolous in each case. Affirmed.

*Sam J. Levy*, for appellant.
*H. L. Hoidale*, for respondent.

TAYLOR, C.

Two cases. Defendant appealed from an order in each striking his answer therein as sham and frivolous and directing judgment for plaintiff.

[1] Reported in 219 N. W. 79.

The facts are undisputed. P. H. Greear owned a lot in Lake of the Isles addition to Minneapolis which he and his family occupied as a residence and thereby made it his statutory homestead. On April 3, 1924, he and defendant executed a contract of lease by which he leased the property to defendant for a term of two years beginning May 1, 1924, and defendant agreed to pay as rent therefor the sum of $200 per month in advance. As the land was Greear's homestead the lease was void because not signed by his wife. On April 26, 1924, Greear sold the lot, assigned the lease to plaintiff, and he and his family removed from the premises. He notified defendant of the sale and gave him a copy of the assignment.

Thereafter defendant took possession of the property and occupied it continuously until March 1, 1926. He paid the rent as it accrued for the first four months and then refused to make further payments. Plaintiff brought four separate actions against him in the municipal court for instalments of rent, the first in October, 1924, and the fourth in April, 1925. These actions were tried together in May, 1926, and the court made findings of fact and directed judgment for the rent at the rate of $200 per month in each. Thereafter defendant paid the several amounts so found due and by stipulations these four actions were dismissed. While these actions were pending, plaintiff brought an action in the municipal court under the unlawful detainer statute for restitution of the premises and as the ground therefor set forth the lease and the failure to pay the stipulated rent. The court rendered judgment for possession. Defendant appealed to this court. This court affirmed the judgment February 19, 1926, 166 Minn. 190, 207 N. W. 498, and at the end of that month defendant surrendered possession. Thereafter plaintiff brought an action in the municipal court for the rent for the months of May and June, 1925, the two months immediately preceding the rendition of the judgment for restitution by the municipal court. He also brought an action in the district court for the rent for the remaining eight months of the period that defendant had occupied the premises. The pleadings are the same in both actions except as to the period for which rent is claimed. The same motion to strike was made and granted in each. Both

cases present the same questions and are submitted upon the same argument. Defendant admits that he occupied the premises during the periods claimed and has paid no rent therefor. He contends that the lease being void plaintiff cannot recover the stipulated rent of $200 per month, but only the reasonable rental value of the property, which he alleges is $100 per month, for which amount with interest and costs he tendered judgment.

The property being the Greear homestead, the lease was void when made because not signed by Mrs. Greear, but the sale and conveyance by the Greears terminated their homestead rights. Plaintiff and defendant could make such a lease. Defendant took possession of the property after plaintiff had acquired it and thereafter paid plaintiff three instalments of rent as required by the lease, which plaintiff accepted as a compliance therewith. Perhaps it might be inferred from their conduct that they adopted the lease as embodying the contract between them. Without deciding this question we shall assume that the lease was void, as the case was presented and decided on that theory.

In the unlawful detainer case it was held that although the lease was void, yet defendant having taken possession and occupied the premises under it he became a tenant at will and liable for the stipulated rent. Defendant insists that the questions he now raises were not involved in that case and hence are not res judicata. Without passing upon that question, we will consider the questions he now presents.

He insists that plaintiff is suing as assignee of a void lease and that an assignee of a void instrument cannot maintain an action thereon. The pleadings admit that plaintiff is, and ever since April 26, 1924, has been the owner of the property and entitled to all rents accruing on account of the use and occupancy thereof. As such owner plaintiff has the right to maintain these actions. 4 Dunnell, Minn. Dig. (2 ed.) §§ 5419a, 5419b. The fact that when he acquired the property he also obtained an assignment of the lease from the lessor certainly did not impair his right to the rent as owner of the land.

Conceding that the lease was void, defendant's entry under it made him a tenant at will and imposed upon him the obligation to pay the rent specified therein during the period that he occupied the premises. Van Brunt v. Wallace, 88 Minn. 116, 92 N. W. 521; Goodwin v. Clover, 91 Minn. 438, 98 N. W. 322, 103 A. S. R. 517; Thompson v. Baxter, 107 Minn. 122, 119 N. W. 797, 21 L.R.A.(N.S.) 575; Fisher v. Heller, 166 Minn. 190, 207 N. W. 498.

Defendant insists that the conveyance of the property by the original lessor terminated the tenancy at will and that he was merely a tenant at sufferance thereafter. This position is untenable for several reasons. The conveyance of the fee operated to transfer to the grantee the right to the subsequently accruing rents, but left the rights and obligations of defendant unchanged. Goodwin v. Clover, 91 Minn. 438, 98 N. W. 322, 103 A. S. R. 517; Thompson v. Baxter, 107 Minn. 122, 119 N. W. 797, 21 L.R.A.(N.S.) 575. Even if this were not so, the fact that defendant paid and plaintiff accepted the monthly rental for three months was sufficient to constitute a tenancy at will between them. Van Brunt v. Wallace, 88 Minn. 116, 92 N. W. 521. Furthermore, the fact that defendant took possession and occupied the premises with the consent of plaintiff, the owner, made his tenancy a tenancy at will as distinguished from a tenancy at sufferance. Thompson v. Baxter, 107 Minn. 122, 119 N. W. 797, 21 L.R.A.(N.S.) 575.

The answers stated no defense and were properly stricken as frivolous.

The orders are affirmed in both cases.