CLARKSON LINDLEY TRUST, ANNA GALE LINDLEY, CHARLOTTE LINDLEY WURTELE, AND ALFRED D. LINDLEY, TRUSTEES, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97084. Promulgated August 13, 1940.

510.

*Kenneth Taylor, Esq.*, for the petitioners.
*Henderson A. Melville, Esq.*, for the respondent.

514

OPINION.

Tyson: Petitioners contend that the interest of Clarkson Lindley in the bonds in question was, under the terms of his lease agreement with the S. S. Kresge Co., a property right which was fixed and certain prior to the time of his transfer, on May 20, 1932, of such interest to the petitioner trust and that such property right, upon that transfer being made, became part of the capital or corpus of the trust and constituted a gift from Clarkson Lindley to the trust specifically exempt, as to the donee trust, from taxation under section 22 (b) (3) of the Revenue Acts of 1934 and 1936,[1] except only as to any capital

---

[1] SEC. 22. GROSS INCOME.

 &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(b) EXCLUSIONS FROM GROSS INCOME.—The following items shall not be included in gross income and shall be exempt from taxation under this title:

 &ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(3) GIFTS, BEQUESTS, AND DEVISES.—The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

gains derived from the sale of the bonds after the trust had acquired them.

Respondent contends, on the other hand, that the bonds were additional rent, or bonus in the nature of rent, for the leased premises and that when received by the trust in the taxable years the value thereof became rental income to it and includable in its tax returns, as such, for those years.

We are presented with the preliminary questions of whether the bonds constituted the purchase price of the buildings on the leased premises or additional rent, or bonus in the nature of rent, for those premises, since if they were the purchase price of the buildings the petitioners' contention should be sustained without further consideration of other features of the case.

Paragraph V of the lease contract, as above set out, provided that the bonds, when delivered to the executors of Clarkson Lindley's estate, should constitute full payment for the buildings. Other provisions of the lease contract provided, *inter alia:* That the buildings thereon should be insured by the lessee, with loss payable to the lessor; that any building removed should be replaced by another building at least equal in value to the one removed, all at the expense of the lessee; that the lessee, before demolishing or removing a building for the purpose of replacing it, should execute a bond guaranteeing the proper completion of the new building or buildings, unless same was waived by the lessor, for any or all buildings costing in excess of $10,000; that at the termination of the lease, either by the expiration of its period or by default of the lessee, the buildings would remain attached to the leased premises as the property of the lessor. Under all the provisions of the lease instrument taken together for the purpose of construing its meaning, we are of the opinion that the bonds in question constituted additional rental, or bonus in the nature of rental, of the leased premises and not the purchase price of the buildings thereon, notwithstanding the provisions of paragraph V of the lease instrument. *Minneapolis Syndicate*, 13 B. T. A. 1303; *George W. Crile*, 18 B. T. A. 588; affd., 55 Fed. (2d) 804; certiorari denied, 287 U. S. 600; *Marvin H. Gates, Trustee*, 26 B. T. A. 998; affirmed on this point, 69 Fed. (2d) 277; and *Nicollet Associates, Inc.*, 37 B. T. A. 350.

The contention of petitioners, however, presents the further question of whether, even if the bonds were additional rentals, or bonus in the nature of rentals, the right to receive the bonds had, nevertheless, accrued to Clarkson Lindley as a property right either when the lease contract was executed in 1924 or when the bonds had all been deposited with the depositary in 1927, as provided in the lease agreement, and that consequently the transfer of that right to the trust constituted a gift to it of corpus or capital which would preclude the

bonds from being included in the income of the donee trust, under section 22 (b) (3), *supra.*

By the trust instrument, Clarkson Lindley, the grantor therein, conveyed to the trustees an undivided one-half interest in certain definitely described real estate, the entire real estate being owned in fee by Lindley at the time of the conveyance and under lease from him for a term to run approximately 28 years thereafter. The terms of this lease provided for an annual rental in definite amounts, varying as to certain years, and also provided for additional rent, or bonus in the nature of rent, evidenced by United States bonds of the face value of $200,000, which bonds were to be delivered to the estate of Lindley six months after his death. The conveyance of the one-half interest in the real estate to the trust was absolute and in fee except as stated in the conveyance "it was subject to * * * an undivided one-half (½) interest in that certain lease of the whole of said premises", i. e., the real estate conveyed. The recital that the conveyance of the interest in the real estate was subject to the lease did not "work" severance of the rent from the reversion, *Equitable Life Ins. Co.* v. *Bowman,* 32 S. W. (2d) 126, 128.

The real estate conveyed to the trust undoubtedly constituted a gift by Clarkson Lindley to the trust, the value of which was exempt from taxation to the trust, as donee, under section 22 (b) (3), *supra.* But was the right of his estate to receive the United States bonds six months after his death, as additional rental, or bonus in the nature of rental, which we have found such bonds to be, also a gift and likewise exempt under section 22 (b) (3), *supra?*

Although the trust instrument in terms purported to convey, in addition to the real estate, "all interest of the grantor in an undivided one-half (½) of said lease and the leasehold interest thereby created, including one-half (½) of all rentals hereafter accruing under said lease and a one-half interest" in all the bonds deposited, which bonds were to be turned over to Lindley's estate six months after his death, we are of the opinion that the purported transfer, in express terms, of such rights in the United States bonds did not constitute a gift, the value of which is exempt from taxation under section 22 (b) (3), *supra,* for the reason that the conveyance of the right to receive the bonds, which was not to accrue until after the execution of the trust instrument and six months after the death of the grantor, was necessarily an incident, and only an incident, to the accompanying transfer, by way of gift, of the real estate from which such bonds, as rentals, were to be derived—the grantor of the trust not having expressly reserved such rentals. The controlling principle of law is that the transfer of the reversion carries with it the right to rent subsequently accruing unless the rent is expressly reserved. *Butt* v. *Ellett,* 19 Wall. (U. S.) 544; *In re Owsley's Estate,* 122 Minn. 190;

142 N. W. 129; and *Fisher* v. *Heller*, 174 Minn. 233; 219 N. W. 79. This rule obtains generally, as well as in Minnesota where the real estate involved is situated. 36 C. J. 364, § 1206; 66 C. J. 1040, § 792; and Tiffany on Real Property, vol. 3, § 881. Rents subsequently accruing are those rents becoming due on a date subsequent to the transfer of the reversion, Tiffany on Real Property, vol. 3, § 888; *Handlan* v. *Bennett*, 51 Fed. (2d) 21; *Hammond* v. *Thompson*, 168 Mass. 531; 47 N. E. 137; *Hearne* v. *Lewis*, 78 Tex. 276; 14 S. W. 572; and *Fahrenbraker* v. *Horst Co.*, 209 Cal. 7; 284 Pac. 905.

After the conveyance by the trust instrument of the one-half interest in the real estate from which the rentals (including the bonds in question) arose, the further specific purported conveyance in that instrument of the leasehold and the rents to be derived therefrom was superfluous and did not constitute a gift separate from that of the real estate, since the gift of the real estate, of itself, carried with it, as a necessary incident thereto, the rents to be derived and thereafter accrued therefrom.

Although the one-half interest in the real estate transferred by Clarkson Lindley to the trust constituted a gift to the trust, we are of the opinion, and so hold, that the transfer by Lindley of the right of his estate to receive the bonds six months after his death, which transfer was necessarily incident to his unrestricted transfer of the real estate, did not constitute a gift from Lindley to the trust exempt from taxation under section 22 (b) (3), *supra*.

We are further of the opinion, and so hold, that, both Lindley and the petitioner trust being on the cash receipts and disbursements basis as to the keeping of their books and as to the making of their income tax returns, the value of the bonds received by the trust, without restriction, in the respective taxable years involved, is to be included in its income as rentals, or bonus in the nature of rentals, for those years. Cf. *Renwick* v. *United States*, 87 Fed. (2d) 123, and authorities cited therein.

We hold that the respondent did not err in including in the income of petitioners for 1935 the amount of $9,735.43 as the value of the bonds received by them in that year, and, further, that respondent did not err in likewise including in petitioners' income for 1936 the amount of $93,655.64 as the value of the bonds received by them in that year.

No question is raised and the petitioners do not claim that the value of the bonds is distributable currently by the trust to the beneficiaries and that such value is therefore deductible in computing the net income of the trust under section 162 (b) of the Revenue Act of 1934.

The amount of gain, capital or otherwise, on the sales of the bonds in 1935 and 1936, is not presented as an issue in this proceeding.

*Decision will be entered under Rule 50.*