LOKEN, Circuit Judge,
with whom MELLOY, Circuit Judge, joins, concurring.
I join the opinion of the court. I write separately to address an additional issue that is certain to arise on remand. In a second action filed in the district court, which is being held pending our disposition of this appeal, Annex seeks rent for the months of November 2011 through May 2012. Annex Properties, LLC v. TNS Custom Research, Inc., No. 12-1174, Complaint (D.Minn. May 15, 2012). And at oral argument, Annex’s counsel took the position that TNS continues to owe rent under the at-will tenancy because it has never sent a notice of termination that complies with § 504B.135(a).
This continuing, open-ended remedy is without precedent in the reported Minnesota cases. Although many landlords have prevailed when the statutory notice was not sent or was insufficient, the remedy with one exception has never' exceeded more than a few months’ rent. See Hunter v. Frost, 47 Minn. 1, 49 N.W. 327 (1891) (six months); Finch v. Moore, 50 Minn. 116, 52 N.W. 384 (1892) (“at least 2 months”); Grace, 50 Minn. 139, 52 N.W. 390 (five months); Eastman, 57 Minn. 164, 58 N.W. 989 (two months); Prendergast v. Searle, 74 Minn. 333, 77 N.W. 231 (1898) (two months); Van Brunt v. Wallace, 88 Minn. 116, 92 N.W. 521 (1902) (two months); King, 126 Minn. 452, 148 N.W. 297 (two months); Oesterreicher v. Robertson, 187 Minn. 497, 245 N.W. 825 (1932) (one month); Maze, 184 Minn. 5, 237 N.W. 612 (four months). The exception is Mar-koe, which cited the “strict statutory compliance” principle in affirming an award of more than one year’s rent. But in that case, a subtenant who had agreed to pay monthly rent until his property was removed abandoned the premises without any written notice to the landlord, leaving property the landlord “hauled away and dumped as junk” pursuant to an order of the fire marshal sixteen months later. 226 N.W.2d at 290. These facts are so distinguishable that the decision provides no guidance in crafting an appropriate remedy in this case.
The remedial issue raised in Annex’s second action, and argued more aggressively at oral argument in this case, has not been previously decided by the Supreme Court of Minnesota, which means the district court in the second action must predict how the issue would likely be resolved by that Court. In 1976, the American Law Institute adopted a more lenient remedial standard than Annex urges: “if the date stated in the notice for termination is not the end of a period or is too short a time before the end of a period, the notice will be effective to terminate the lease at the earliest possible date after the date stated.” Restatement (Second) of Property, Landlord & Tenant, § 1.5, cmt. f (1977) (emphasis added). Many state courts have since adopted the Restatement rule in cases involving both contractual and statutory notice-of-termination provisions. See Steffen v. Paulus, 125 Ill.App.3d 356, 80 Ill.Dec. 675, 465 N.E.2d 1021, 1024 (1984); Foster v. Schwickerath, 780 N.W.2d 746, 749-50 (Iowa App.2009); Orebaugh v. Leatherwood, 27 Kan.App.2d 730, 8 P.3d 55, 58 (2000); Sage v. Rogers, 257 Mont. 229, 848 P.2d 1034, 1039 (1993); T.W.I.W., Inc. v. Rhudy, 96 N.M. 354, 630 *387 P.2d 753, 757 (1981); Mercer Cnty. Agric. Soc’y v. Barnhardt, 313 Pa.Super. 206, 459 A.2d 811, 815 (1983); Morrison v. Smith, 757 S.W.2d 678, 681 (Tenn.App.1988); cf. 49 Am.Jur.2d, Landlord and Tenant, § 225.
Annex would no doubt respond that this rule, even if adopted, would not apply in this case because TNS never sent a notice of termination, unlike cases in which the tenant or landlord sent a notice of termination naming the wrong date or no date at all. But that assertion is questionable. TNS’s Answer to the Amended Complaint in this case asserted that its May and July communications provided written notice of termination, and its entire posture in the ongoing litigation has communicated its clear intent and belief that the holdover tenancy at will has terminated. Though we disagree with its legal conclusion in this case, I believe TNS’s conducting of the litigation provides an unambiguous notice of intent to terminate the holdover lease that, applying the Restatement rule, would be effective “at the earliest possible date after the date stated,” that is, no later than the filing of TNS’s Answer in this case.
Although this reading of the Restatement’s remedial rule would be contrary to a literal reading of the opinion in Eastman, and arguably the opinion in Grace, it is not in conflict with the remedy upheld in either case. And there is good reason to apply the Restatement rule in this fashion. The harm that Annex seeks to remedy by its prayer for an open-ended rent obligation is not harm addressed by § 504B.135(a), which protects the parties to an at-will relationship that is typically month-to-month. As one court noted in rejecting a similar remedy, “We do not believe that any legitimate interest would be served by penalizing a month-to-month tenant for his late notice by subjecting him to indefinite^ liability for rent.” S.D.G. v. Inventory Control Co., 178 N.J.Super. 411, 429 A.2d 394, 396 (1981). I believe the Supreme Court of Minnesota would agree and therefore adopt the Restatement rule, or a similar rule, in fashioning a remedy for an at-will notice of termination that failed to comply with § 504B.135(a). Indeed, that Court adopted a similar remedial approach in determining the consequences of an insufficient statutory notice of cancellation of an insurance policy in Jorgensen v. Knutson, 662 N.W.2d 893, 903-04 (Minn.2003). Accordingly, I would not affirm an award of more than two months’ rent in the second action, unless the Supreme Court of Minnesota has approved a greater remedy in response to a question certified by the district court.