*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0879**

Washington County HRA,
Respondent,

vs.

Kuohsiou Huang,
Appellant.

**Filed April 4, 2016
Affirmed
Ross, Judge**

Washington County District Court
File No. 82-CV-15-1515

Kenneth R. Hertz, Hertz Law Office, P.A., Columbia Heights, Minnesota (for respondent)

Kuohsiou Huang, Oakdale, Minnesota (pro se appellant)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Reyes, Judge.

## U N P U B L I S H E D   O P I N I O N

**ROSS**, Judge

The Washington County Housing and Redevelopment Authority, acting as landlord of Kuohsiou Huang's apartment, initiated eviction proceedings after Huang refused a manager's entry to inspect and repair the unit. Huang argues on appeal that his lease is a forged document and that his eviction is therefore unlawful. Because Huang was given

adequate notice of the eviction and he is not entitled to continued possession even if the lease is invalid, we affirm.

## FACTS

Kuohsiou Huang and Washington County Housing and Redevelopment Authority (HRA) executed a month-to-month apartment lease with a 60-day notice-of-termination provision. On January 18, 2015, Huang sent a letter to the HRA's managing agent stating that he would not consent to a manager's entering his apartment to fix his damaged toilet seat. Two days later, the managing agent, acting on behalf of the HRA, mailed Huang a letter informing him that his refusal to consent to entry for inspection and repairs violated his lease. Huang replied with a letter suggesting that actual ownership of the building was in doubt because of fraud relating to its purchase.

On January 29 the agent wrote and hand-delivered a letter informing Huang that his lease was terminated and that he had until March 31 to vacate the unit under the lease's 60-day notice provision.

Huang refused to vacate. The HRA filed an unlawful-detainer complaint seeking Huang's eviction. The district court conducted a bench trial at which Huang did not deny receiving the notice to vacate. He maintained that the lease is invalid because it was forged. The district court found that Huang was given proper notice and that the eviction is lawful regardless of whether the lease is valid.

Huang appeals.

2

**D E C I S I O N**

Huang argues on appeal that his eviction was unlawful because his lease is invalid. An eviction is a summary proceeding to recover possession of real property from a tenant or other occupant. Minn. Stat. § 504B.001, subd. 4 (2014). In an eviction proceeding, generally the only issue to be determined is whether the facts alleged in the complaint are true. *Cimarron Vill. v. Washington*, 659 N.W.2d 811, 817 (Minn. App. 2003). On appeal we review the district court's fact-findings for clear error. *Id.*

Huang argues that the lease is unenforceable as a mere forgery, rendering his eviction unlawful. The argument is unavailing. Even assuming for the sake of our analysis that the lease is invalid, Huang is entitled to no relief from the eviction. Indeed, he would have more protection under the lease, which has a 60-day notice provision, than he has without a lease. That is because continued occupation under an invalid lease creates a tenancy at will. *Fisher v. Heller*, 174 Minn. 233, 236, 219 N.W. 79, 80 (1928). A tenancy at will can be terminated by either party by written notice. Minn. Stat. § 504B.135(a) (2014). The notice of termination must be "at least as long as the interval between the time rent is due." *Id.* Because the allegedly invalid lease here (as well as the apparent oral agreement and practice of the parties) was monthly, the notice period is only 30 days. The 60-day notice to vacate was therefore more than adequate.

Huang asserted to the district court that a forged lease would bar termination under the equitable doctrine of unclean hands. It is not clear whether he reasserts that argument on appeal, but he has not presented any authority that supports it, and we are aware of none. Huang also does not explain how an invalid lease affords him any possessory right in the

3

property, and his possessory right is the focus of the eviction proceeding. *Deutsche Bank Nat'l Trust Co. v. Hanson*, 841 N.W.2d 161, 164 (Minn. App. 2014). The district court did not err by rejecting Huang's unclean hands defense.

Huang argues that the HRA evicted him in retaliation for his activities that are protected under Minnesota Statutes section 504B.285, subdivision 2 (2014). Best we can surmise, Huang is arguing that his letter questioning the building's ownership is what prompted his eviction, rendering it retaliatory. Relying on a redacted mortgage document, Huang suggests vaguely that some sort of fraud tainted the purchase of the property. His reasoning is not clear, and he never made a retaliation case when he argued in the district court. Because Huang never presented the defense and it was never considered by the district court, the defense is waived. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). We therefore need not consider its merits. We add that a retaliation argument would appear to have no merit here in any event. A resident can depend on retaliation as a defense in an eviction proceeding when he can prove that his occupancy was terminated because he (1) attempted to enforce his rights under a lease, contract, or law or (2) reported a health, safety, or building code violation. Minn. Stat. § 504B.285, subd. 2. Huang's challenge to the building's ownership is neither an attempt to enforce his rights under a lease nor a report of a health, safety, or building code violation. Again, Huang did not present a retaliation defense in the district court, but it seems that even if he had, the defense would lack the necessary elements to avoid eviction.

**Affirmed.**

4