ALMERIC H. PAGET v. ELECTRICAL ENGINEERING COMPANY.[1]

January 10, 1901.

Nos. 12,429—(182).

**Tenancy at Will—Notice to Terminate Tenancy.**

> After the expiration of a term fixed in a written lease, the tenant remained in possession of the leased premises and some adjacent rooms under a verbal agreement to pay a fixed amount per month as rent; such amount being payable in advance upon the first day of each month; the tenant to have the right to terminate the lease and vacate the premises at any time. *Held*, that defendant was a tenant at will, and as such was required to give the notice provided by G. S. 1894, § 5873, in order to terminate the tenancy.

Action in the district court for Hennepin county by plaintiff, as receiver of Ella B. Lawton, to recover $3,607.50 and interest for rent. The case was tried before Harrison, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed as to motion for new trial.

[1] Reported in 84 N. W. 800.

*How & Taylor*, for appellant.
*Charles E. Flandrau*, for respondent.

COLLINS, J.

This was an action for rent of certain premises formerly owned by E. B. Lawton, for whom the plaintiff was appointed receiver in a mortgage foreclosure action. A former action was brought by plaintiff to recover upon a written lease, and a verdict rendered in his favor for the full amount claimed. An order refusing a new trial was reversed in this court, and the case remanded. Paget v. Electrical E. & S. Co., 67 Minn. 31, 69 N. W. 475. The plaintiff thereupon dismissed that action and brought this, basing his right to recover upon evidence adduced by defendant at the former trial to the effect that upon the expiration of the term provided for in the written lease a verbal agreement or lease had been entered into, under which the defendant occupied more rooms than it had under the written lease, and for which it agreed to pay a much larger sum per month. The verdict in this case was for the defendant, and the appeal is from an order wholly denying the alternative motion provided for in Laws 1895, c. 320.

We are safe in assuming that the evidence was sufficient to sustain the contention of defendant that upon the expiration of the written lease it was agreed that it should remain in occupation of the premises mentioned in that instrument, and other adjacent rooms, at an agreed rental of $195 per month, payable in advance and upon the first day of each month; the defendant to have the right to terminate this verbal lease and to vacate and surrender the premises at any time it desired so to do. This agreement seems to be admitted by the plaintiff. The defendant vacated the premises in the middle of the month of July, having, as it is contended, given written notice of its intention to vacate June 9, some thirty-six days before. This notice, it seems, was served by mail upon Mr. Lawton, who was plaintiff's agent, and the proper person upon whom to serve, according to defendant's contention. It notified the plaintiff that the premises would be vacated thirty days thereafter, "or, say, July 15th." There was more or less contention as to whether Lawton was or was not

plaintiff's agent, but, as we look at the present record, this is immaterial.

The court expressly charged the jury that no notice of intention to vacate and surrender the premises was necessary, and that defendant had the legal right to remove at any time without such notice. We are of the opinion that the court below was in error when so instructing the jury. The tenancy was at will, and, while it was agreed that the defendant could remove and vacate the premises when it desired to so do, the character of the tenancy was not changed by such agreement. The proposition to rent upon those terms having been assented to, the contract was complete, and the defendant was a tenant at will. Sanford v. Johnson, 24 Minn. 172; Grace v. Michaud, 50 Minn. 139, 52 N. W. 390. It had no certain or sure estate. The plaintiff could compel removal, and defendant could vacate at pleasure, subject to the statutory requirement as to notice from one party to the other. The rent being fixed at $195 per month, payable on the first day of each month, it was necessary to serve notice in order to terminate such tenancy. G. S. 1894, § 5873,—a statutory provision applicable to all tenancies at will. The case is much like that of Rogers v. Brown, 57 Minn. 223, 58 N. W. 981.

Counsel for respondent calls special attention to Grace v. Michaud, supra, in which it was said that where the tenancy is at will, and the rent reserved is payable at periods of less than three months, the tenancy, unless by consent of parties, can only be terminated by notice, and contends that the plaintiff in this case agreed to a termination without notice by stipulating that defendant might vacate at any time, thus consenting that no notice need be given. It is true that the tenant was privileged to vacate at any time, the term thus being made indefinite instead of fixed; but, as before stated, this was not an agreement to waive the statutory notice. It determined the character of the lease and the nature of the tenancy, nothing more. To do away with the notice when the tenancy is at will, an agreement that notice need not be given is necessary. No doubt, this position would have been contended for by defendant very strenuously if the plaintiff had attempted to eject it from the premises without notice. If

notice to vacate to the defendant would be necessary in order to compel a surrender of the premises, certainly a like notice to plaintiff would be required. It was error for the court below to charge the jury that no notice was necessary, and for this reason the order appealed from, in so far as it denied plaintiff's motion for a new trial, must be reversed.

We must not be understood as holding that there was no testimony in this case from which it could be inferred that subsequent to the removal by defendant from the premises the plaintiff agreed to a surrender thereof, and a termination of the verbal contract between the parties. There might have been, and this view may have been adopted by the jury. But the charge was erroneous, and for that reason the order, in so far as it denied plaintiff's motion for a new trial, is reversed.