ALMERIC H. PAGET v. ELECTRICAL ENGINEERING COMPANY.[1]

January 24, 1902.

Nos. 12,861—(183).

**Surrender of Lease.**

    *Held*, in an action to recover rent, brought upon a verbal lease, that a finding of the jury to the effect that an alleged agent of the landlord was authorized to accept a surrender of the leased premises, and that a surrender was made by the tenant, and accepted by such agent, is supported by the evidence.

Action in the district court for Hennepin county by plaintiff, as receiver of Ella B. Lawton, to recover $3,607.50, and interest, for rent. The case was tried before Elliott, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for judgment in his favor notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*How, Taylor & Mitchell*, for appellant.

*C. E. Flandrau*, for respondent.

COLLINS, J.

    For the third time this cause appears in this court. See 67 Minn. 31, 69 N. W. 475; 82 Minn. 244, 84 N. W. 800. At the third trial in the court below the verdict was for defendant, and on appeal the claim is made that the evidence in the case was insufficient to justify the jury in finding that the witness Lawton was authorized by the receiver, Paget, to accept a surrender of the leased premises as agent or otherwise; the jury having, in addition to a general verdict, specially found that he was so authorized as Paget's agent. And, further, it is contended that, even if

1 Reported in 88 N. W. 844.

Lawton was fully empowered to accept a surrender, the evidence is insufficient to warrant a finding that any such surrender was made or accepted.

It is true that at the trial the receiver, Paget, and the witness Lawton testified that the latter was wholly without authority to act for the former in respect to the building. But this testimony was not conclusive upon defendant. There was testimony tending to show that Lawton continued to act with respect to the building for some months after Paget took charge as receiver, precisely as he had before, at a time when he was the agent for his wife, the owner. He negotiated with tenants, agreeing upon the terms of their leases; among them, the verbal lease with defendant upon which this action was brought. He employed an engineer for the building, who went to work for, and whose wages were paid by, Paget. This engineer consulted Lawton, not Paget, when he needed supplies. Lawton furnished them, and Paget paid the bills. Tenants complained to Lawton about the elevator service, and he saw that changes and repairs were made. When defendant vacated, Lawton put up "To Rent" signs in the. windows. He also employed a rental agent to secure tenants, and a man sent by this agent was accepted as a tenant in the building. Lawton went to Minneapolis after defendant vacated, and moved to that city, and obtained the keys, which had theretofore been in the possession of its employees. He performed other acts which slightly tended to establish his authority over the premises.

If Paget, or any other person except Lawton, exercised any control over the tenants or the building, it was not shown, save as it appeared that Paget's clerk, Stillwell, collected all rents. Of course, much of the testimony as to what Lawton did was disputed by witnesses for the plaintiff, but upon these contradictions the jury found in favor of the defendant. Therefore we cannot agree with counsel for appellant in their assertion that the testimony was not sufficient to justify a finding that Lawton had authority to accept a surrender of the premises.

We have come to the same conclusion with respect to the claim that the proof failed as to an actual surrender and acceptance. The evidence was not conclusive, by any means, that there had

been a surrender; but, taking into consideration the condition in the verbal lease that defendant might vacate at any time, the conversation with Lawton with respect to its removal, his apparent acquiescence, and the further fact that immediately after the removal Lawton went upon the premises, put up the "To Rent" signs, and then went after and accepted the keys from defendant, going to Minneapolis for the purpose, we hold the jury warranted in finding that a surrender was actually made and accepted.

Order affirmed.