---

November 5, 1909.

Nos. 16,228—(12).

**Surrender of Lease.**

Under section 3487, R. L. 1905, a real estate lease for more than one year cannot be canceled and surrendered by parol agreement. But when a land-

[1]Reported in 122 N. W. 1119.

109 M.—6

lord verbally agrees with his tenant to cancel and surrender such a lease, and the tenant performs the contract by vacating the premises and surrendering possession, the landlord is estopped from asserting his right to enforce the covenants of the lease, if he acquiesces in the conduct of the tenant and resumes possession of the premises.

Action in the municipal court of Minneapolis to recover $50 for the July, 1908, rent of certain premises under a written lease. At the trial the complaint was amended so as to include the rent for the months of August, September, October, and November, 1908. The answer alleged an agreement. between the parties that defendant should purchase a home for his family, and should be released from his contract upon giving thirty days' notice of his intention to leave. The case was tried before Charles L. Smith, J., who made findings and ordered judgment in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*M. C. O'Donnell,* for appellant.

*Wright & Matchan,* for respondent.

LEWIS, J.

Appellant was the owner of certain premises in Minneapolis, and leased the same to respondent by a written lease for the period of three years at the rate of $50 per month, payable monthly in advance. After occupying the premises several months, respondent vacated the premises, and this action was brought to recover the amount of rent due at the time of the commencement of the action. The court found that it was mutually agreed between the parties that upon respondent's giving thirty days' notice of his intention to leave the premises, and upon payment of the rent due at that time, the lease should be terminated; that respondent gave notice on May 1, 1908, that he would vacate the premises the last day of the month, and paid the rent for May, which appellant accepted; that thereafter, by mutual consent, respondent remained in possession during the month of June, paying the rent for that month; that on the thirtieth of June respondent vacated the premises and surrendered possession, and that appellant accepted the key and entered into possession; that the lease was surrendered and terminated by both parties—and judgment was ordered for respondent.

The material question is whether the evidence was sufficient to sustain the finding that the lease was surrendered. Respondent testified, over appellant's objection, that in April, 1908, the parties entered into a verbal contract by which it was agreed that the premises might be surrendered upon thirty days' notice. This was followed by evidence that on the first day of May respondent wrote a letter to appellant as follows:

"As per your verbal agreement made here in the office, in which you said that by giving you a month's notice that you would cancel the lease for 1022 15th Ave. S. E., I hereby give notice that on June 1st you shall have possession of the house and the premises, as I am going to move before that date."

On May 30 respondent sent a check for $50 to pay the rent for the month of June, on which he wrote the word "Extension," which check was received and cashed by appellant. On the thirtieth of June following respondent wrote appellant as follows:

"I herewith inclose you the key for the house 1022 15th Ave. S. E. After notifying you month before last that I would vacate the house the first of June, I found it would be impossible to move without inconvenience, and sent a check for another month's rent, hoping that the house had not been rented; and, as you accepted the check, I took it for granted that it was all right."

Appellant admits that he received the letter inclosing the key, and that he placed the same in the hands of a real estate agent, with authority to rent the premises. He did not notify respondent that he refused to consent to the vacation of the premises and to the surrender of the lease; nor is there any evidence that he acquiesced in such vacation and surrender, except that he handed the key to the real estate agent, with authority to rent the premises, and failed to protest until he commenced an action on July 21 to recover the July rent. The lease provided that the rent be paid monthly in advance, and if not paid in advance, or if its terms should be violated in any respect, then the landlord was authorized to re-enter and take possession of the premises, without such re-entry working a forfeiture of the covenants to be kept by the lessee for the full term of the lease. The case turns on the question whether, by retaining the key, assuming

possession of the premises and by failing to object to respondent's movements, appellant is estopped from enforcing the terms of the lease.

Under the provisions of section 3487, R. L. 1905, the lease could not be surrendered by parol agreement. A surrender by operation of law takes place where the owner of a particular estate has been a party to some act, the validity of which he is by law afterwards estopped from disputing. Smith v. Pendergast, 26 Minn. 318, 3 N. W. 978. The court has found, and the evidence is sufficient to support the finding, that appellant had verbally agreed to release respondent and surrender the lease upon thirty days' notice. Although this parol agreement was not sufficient to accomplish a surrender or cancellation of the lease, it was competent evidence for the purpose of throwing light upon the subsequent conduct of the parties. On the thirtieth day of June appellant was notified by letter that respondent had acted in accordance with the verbal understanding, and, claiming to have the right to vacate the premises, had moved out and returned the key, having purchased a home of his own. In the absence of any oral agreement, appellant had the right to retain the key, and assume possession of and rent the premises. But it must have been apparent to appellant that respondent was relying upon the verbal contract and had carried its terms into effect. It therefore became incumbent upon appellant to at once repudiate the contract, and to notify respondent that he did not propose to stand by it. Resuming possession, and permitting respondent to purchase a house of his own and move out without protest, were facts sufficient to warrant the conclusion that appellant was proceeding, not by virtue of his rights under the terms of the lease, but in accordance with the verbal contract. In so doing he became a party to acts which, in justice to the other party, he ought not to repudiate.

Affirmed.