[No. 8528.]

FEHRINGER   V.   WAGNER-STOCKBRIDGE   TRADING   COMPANY
ET AL.

1.  EVIDENCE—*Burden of Proof.*  Defendant interposing a plea in confession and avoidance has the burden of establishing his defense.  (361.)

2.  —— *Admissions.*  Conveyance of the demised premises by the landlord, without mentioning an existing lease, is no evidence of the landlord's consent to a previous surrender by the tenant.  (362.)

3.  TRIAL—*Directed Verdict.*  When the defendant entirely fails to sustain an affirmative defense, the plaintiff is entitled to a directed verdict.  (362.)

4.  LANDLORD AND TENANT—*Tenant's Surrender not Accepted*, does not release him from liability for the rent.

Upon tenant's vacating the premises, during the term, it is the landlord's duty to assume possession, and his doing so is no acceptance of the surrender, and no waiver or release of rents then accrued or subsequently accruing.  (362.)

5.  APPEAL AND ERROR—*Judgment.*  The defendant pleading an affirmative defense failed to establish it.  Judgment for defendant reversed and judgment for plaintiff ordered.  (362.)

*Error to El Paso District Court.*  Hon. J. E. LITTLE, Judge.

Mr. WILLIAM C. ROBINSON, for plaintiff in error.

Messrs. ORR, ROBINETT & MASON, for defendants in error.

Mr. Justice GARRIGUES delivered the opinion of the court.

The complaint alleges that September 1, 1911, the Wagner-Stockbridge Mercantile and Drug Company, a corporation, as lessor and owner, in consideration of $100.00 per month payable monthly in advance, leased lots 31 and 32, Block 186 and lots 1, 2, 31 and 32, Block 157, Colorado City, Colorado, to defendants in error (defendants below) for five years, with all the improvements and buildings thereon; that defendants thereupon entered into the possession and occupancy of the premises and paid the rent due up to April 1, 1913, but have failed and refused to pay it for the months of April, May, June and July, aggregating $400.00; that the claim was duly assigned by the lessor to plaintiff.

The answer admits the execution of the lease, occupancy of the premises as alleged, and the payment of all the rent until April 1, 1913, when it is alleged defendants surrendered possession and occupancy of the premises to plaintiff, which plaintiff accepted and released defendants from further payment of rent.  The replication denied the new matter.

The court instructed the jury defendants admitted that they entered into the possession of and occupied the premises under the lease, and paid the rent until April 1, 1913, at which time they claimed to have surrendered and delivered

up the possession to the owner which was accepted, and
defendants were released by the lessor from the further-
payment of rent; that plaintiff should recover unless the
jury believed from the evidence that the lease was cancelled
by a surrender thereof, which surrender was accepted by
the lessor; that if they believed from the evidence that de-
fendants surrendered the lease and turned over possession
to the owner, and that the owner accepted such surrender
of the lease, took possession, and released defendants from
the further payment of rent, they should find for defend-
ants; otherwise they should find for the plaintiff. The jury
returned a verdict for the defendants.

Defendants admitted the execution of the lease, occu-
pancy of the premises, and the payment of rent up to April
1, 1913, and that the April, May, June and July rent for
1913 was unpaid, but they claimed they were released from
the payment of this rent on account of the cancellation of
the lease, by and through a surrender of the possession of
the premises, which was accepted by the lessor. This was
new matter, a plea in confession and avoidance, and upon
this issue the burden of proof was upon defendants. They
signally failed to sustain this burden, and the court should
have granted plaintiff's motion for a directed verdict. There
were no conversations between the parties regarding this
matter. There is no conflict in the evidence. It shows that
April 9, 1913, defendants handed a letter and the keys of
the premises to the secretary of the lessor, to whom they
had formerly paid rent. The letter stated in substance that
the keys, together with the possession of the premises, and
all the rights of the defendants under the lease, were sur-
rendered and delivered to the owner. The letter was ad-
dressed to plaintiff Fehringer as president of the corpora-
tion, and further stated that on account of his absence from
the city, the keys were left with the secretary. About a
month afterwards plaintiff returned, and May 9, 1913, wrote

a letter to defendants stating that they were not released from their obligation of paying the rent, which they would be expected to pay as provided in the lease, and demanded the amount due for April and May. June 16, 1913, plaintiff again wrote to defendants demanding payment of the April, May and June rent, and it not being paid, suit was commenced July 5th. This is all the evidence there was on the subject, and it wholly fails to support the plea that the owner released defendants from further payment of rent upon vacating the premises. The evidence shows in addition, however, that in July, 1913, the owner sold and conveyed the premises to one McGugan and the deed did not mention or refer to the lease, although the oral testimony shows that the lease was discussed with McGugan, and the property sold to him subject to the lease.

It is urged in argument that because the owner sold the property in July, and made no mention of the lease in the deed, that this was sufficient evidence upon which the jury could base a verdict for the defendants. We do not think so. There was an absence of any evidence that the owner accepted the surrender of the lease and premises, and released defendants from the further payment of rent thereunder. After defendants vacated the premises, it was the duty of the owner to take possession of and care for the property, but this did not release defendants from the payment of rent and the jury had no right to so infer. When the premises were sold in July, there was four months rent due the owner under the terms of the lease.

Reversed and remanded with directions to the lower court to enter judgment for plaintiff in accordance with the views herein expressed.

*Reversed and remanded with directions.*

Chief Justice GABBERT and Mr. Justice SCOTT concur.