# HILARY J. MAZE v. MINNEAPOLIS WILLYS-KNIGHT COMPANY.[1]

July 3, 1931.

No. 27,954.

*Ell M. Roston,* for appellant.
*Ware & Melrin* and *W. L. Sholes,* for respondent.

DIBELL, J.

Action to recover rent. There were two causes of action. The first involved a lease of property on Hawthorne avenue in Minneapolis at $210 a month. The second involved a lease of nearby property on Hennepin avenue at $333.33 a month. The court found for the plaintiff for $787.90, with interest from December 27, 1927, upon the first cause of action, and for $1,300.99, with interest from December 28, 1927, on the second cause of action. The defendant appeals from the order denying its motion for a new trial.

The evidentiary facts are in confusion and some uncertainty. Those essential to a decision of the issues are not particularly involved.

[1] Reported in 237 N. W. 612.

6

On March 14, 1925, the Hawthorne property was leased by the owner to the Speed Motor Company, the plaintiff, and another, for five years at $210 per month. On May 24, 1919, the Hennepin avenue property was leased by the owner to the Speed Motor Company, the plaintiff, and others, for ten years from July 15, 1919, for $333.33 per month. In June, 1927, the Speed company went into a receivership and bankruptcy. The plaintiff acquired the interests of the other lessees. Under an arrangement with the plaintiff the defendant took possession of both properties and occupied as a tenant at will from month to month at the rental prescribed in the original leases.

The defendant occupied the Hawthorne property from May 1, 1927, to June 30, 1927, and the Hennepin property to August 31, 1927. It vacated both properties on the dates stated.

The plaintiff was liable upon both of the original leases, and it may be inferred that he was financially responsible. Suit was brought against him. On December 27 and 28, 1927, he obtained, upon the payment of substantial amounts, releases from liability. He seeks to recover rent from the defendant until those dates and not beyond, less the sum of $445 received from one Schwartz, to whom he rented the Hawthorne property on October 5, 1927, after the abandonment of it by the defendant. The defendant claims that it surrendered the two properties to the plaintiff when it vacated them. The trial court found that there was no surrender.

To constitute a surrender there must be an agreement or a 30 days' notice given by the defendant in accordance with G. S. 1923 (2 Mason, 1927) § 8191. A notice was not given. The burden of showing a surrender was upon the defendant. When the plaintiff leased the Hawthorne property to Schwartz, after its abandonment by the defendant, there was an accepted surrender. The defendant was willing that the property be rented to another. This was not inconsistent with its claim of surrender. We find nothing in the record justifying the view that it was understood that the plaintiff might lease to another and in so doing merely reduce damages, the defendant in the meantime remaining liable until a termination

by notice or agreement. There was a surrender of this property as a matter of law.

Nor can it be held that the defendant's abandonment of the other property, without a more definite declaration on its part or an assent by the plaintiff, required a finding that there was an effective surrender by agreement. The whole business was conducted loosely. The defendant did not give notice nor come to an agreement of surrender. Nor can it be successfully claimed that the plaintiff waived a notice of termination. But the leasing of the Hawthorne property to Schwartz, in connection with the other circumstances stated, amounted to an accepted surrender of the lease upon that property from the date of the leasing.

Without particularizing or discussing the cases, those now cited support the result reached upon the question of surrender. Dayton v. Craik, 26 Minn. 133, 1 N. W. 813; Finch v. Moore, 50 Minn. 116, 52 N. W. 384; Stern v. Thayer, 56 Minn. 93, 57 N. W. 329; Prendergast v. Searle, 74 Minn. 333, 77 N. W. 231; Buckingham Apt. H. Co. v. Dafoe, 78 Minn. 268, 80 N. W. 974; Haycock v. Johnston, 81 Minn. 49, 83 N. W. 494, 1118; Paget v. Electrical Eng. Co. 85 Minn. 311, 88 N. W. 844; Millis v. Ellis, 109 Minn. 81, 122 N. W. 1119; Minneapolis Elec. L. Co. v. Federal Holding Co. 175 Minn. 421, 221 N. W. 645.

We are not holding that a finding of a surrender as to both properties as of the date of vacation and of abandonment might not have been found. It is not necessary to determine it. The conclusion that there was none is quite satisfactory.

The plaintiff therefore should not recover upon his first cause of action involving the Hawthorne property beyond the date when he rented it to Schwartz, which should be taken as the date of surrender. He should recover upon his second cause of action upon the ground that a finding of a surrender by agreement was not required by the evidence.

The case is remanded with directions to modify the findings of fact and conclusions of law so as to award a recovery in accordance with this opinion, and when so modified the order will be deemed affirmed.

Order modified and affirmed.