[Civ. No. 4760.   Third Appellate District.—March 28, 1933.]

260 SEAMAN AVENUE CORPORATION (a Corporation), Respondent, v. GEORGE M. ARMSTRONG, Appellant.

Rich, Weis, Coats & Carlin and Arthur Coats for Appellant.

Fred M. Harter for Respondent.

PARKER, J., *pro tem.*—Plaintiff alleged a lease in writing of an apartment in the city of New York, for a period of thirteen months beginning September 1, 1929, and terminating September 30, 1930, at the rental of $1170, payable $90 per month, and sues for a balance due thereon of $720.

Defendant denies the existence of such a lease. Defendant admits the signing of a lease, but alleges on information and belief, that the same was not executed by the plaintiff or any officer or agent of the plaintiff having authority to execute leases. Defendant then alleges that the lease was canceled and terminated by mutual consent.

The case was tried by the court, without a jury, and judgment went for plaintiff as prayed. Defendant appealed.

The first ground urged by appellant is that the finding that the apartment was leased for a stated time of thirteen months is not supported by the evidence. Strangely enough the lease itself was not offered in evidence at the trial. The record discloses that the lease was offered in evidence at the taking of the deposition of plaintiff's witness, though the return is silent as to the action taken on the offer. However, all the testimony thereafter in the deposition was concerning the lease.

The direct testimony was that the lease was executed and that five months' rent was paid and eight months' rent remained unpaid. The testimony of defendant was that the lease was executed in duplicate, defendant retaining one and plaintiff one. No evidence was offered by defendant as to the term of the lease nor was any question raised in the court below on the point.

A fair reading of the transcript discloses that it was taken for granted that the lease was, as alleged, for thirteen months. The main claim of defendant was that the lease was terminated. Obviously a lease that never existed would require no proof of termination. We think the evidence sufficiently supports the finding attacked.

■ The next claim of appellant is that the lease was canceled and terminated. We do not find evidence to sustain this contention. The claim is based upon certain conversations with a person whose relation to the corporation plaintiff is not clearly revealed. This was a party referred to as a Mrs. Allen. We will not detail all of the facts and circumstances of defendant's dealing with this lady. The fact is that defendant knew she had no power to execute the lease and did not execute the same. Should we concede her authority to terminate the lease, we would still lack proof that she did terminate it.

There is testimony of the defendant to the effect that when he vacated the apartments he notified Mrs. Allen of his intention, and she replied that she was sorry to have him go and she said: "I don't know what I can do." This surely would not support a claim of termination even if Mrs. Allen did have authority in the premises.

The finding of the trial court was that when defendant vacated the premises he notified the woman in charge, but failed to notify plaintiff or any of its authorized agents.

The strongest inference that can be drawn from defendant's testimony is that Mrs. Allen was a servant of plaintiff corporation, authorized to receive rentals from the tenants and to look after the premises in a supervisorial capacity, but with no power to contract. Her connection with the corporation is but vaguely suggested. When asked by the court whether she was an officer, or manager of the corporation, defendant replied that he did not know. For aught the record discloses she may have been the maid or janitress.

■ Lastly, appellant complains of the trial court's rulings on the admission and rejection of testimony. The error urged is but argumentatively specified with no citation of authority and no showing as to the facts expected to be proved. The general nature of the argument is that by the evidence excluded it would have been shown that Mrs. Allen was held out by the corporation plaintiff as clothed with full authority to act and authorized to cancel and terminate the lease in question.

We have examined the transcript and fail to find any substantial basis for the contention. If all the evidence offered or suggested had been received no proof of agency or authority would have resulted. And, to repeat, even if such

authority had been shown, there was still no compelling evidence that she had terminated the lease or agreed to a cancellation thereof.

The defendant, as lessee, could remain in the apartment or out of it without affecting his liability under the lease. A lessor has no right or power to prevent a lessee from vacating the demised premises, though he may have certain power of holding whatever security the lease or the law may give.

When defendant vacated the apartment the statement of Mrs. Allen that she did not know what she could do about it fell far short of an agreement to terminate or cancel the lease even if she had authority, of which authority there is no evidence.

The entire appeal is based upon the proposition that one engaged by the owner of an apartment house to show apartments and negotiate terms with prospective tenants and receive rents, but with no power to execute leases, is vested with an implied power to cancel and terminate leases executed by the owner.

Thus grounded the appeal has no merit.

Judgment affirmed.

Plummer, Acting P. J., and Thompson, J., concurred.