## No. 14,428.

### BASTIEN *v.* BRONSTINE.

(92 P. [2d] 736)

Decided June 26, 1939.

Mr. PAUL W. LEE, Mr. GEORGE H. SHAW, Mr. DONALD C. McCREERY, Mr. WILLIAM BRYANS, III, for plaintiff in error.

Messrs. VAN CISE, ROBINSON & CHARLTON, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is an action to recover balance of $375 and interest due on a year lease contract covering residence property known as 844 St. Paul street, in the city of Denver, the rental being $900 for the year, payable in monthly installments of $75. Plaintiff below, who is defendant in error here, had judgment on a directed verdict. Reversal is sought on an application for supersedeas, and request is made that disposition be made of the matter on the application.

The lease was in the usual form, the important provisions being as follows:

"This indenture, made this 8th day of April, A. D. 1936, between Rose Bronstine the lessor and W. B. Bastien the lessee.

"Witnesseth, That, in consideration of the payment of the rent and the keeping and performance of the covenants and agreements by the said lessee hereinafter set forth, the said lessor hereby leases unto the said lessee the following described premises, situate in the City and County of Denver, in the State of Colorado, to-wit: The real estate and premises known as number 844 St. Paul Street.

"To have and to hold the same with all the appurtenances unto the said lessee from twelve o'clock noon of the 10th day of April, A. D. 1936 until twelve o'clock noon of the 10th day of April, A. D. 1937, at and for a rental, for the full term aforesaid, of Nine Hundred and no/100 dollars, payable in monthly installments of Seventy-five dollars per month, in advance, on or before twelve o'clock noon, on the 10th day of each calendar month during said term, at the office of lessor in Denver, Denver, Colorado, without notice. * * *

"It is further mutually agreed that in case said premises are left vacant, and any part of the rent herein reserved be due and unpaid, then the lessor may, without in anywise being obliged so to do, and without terminating this lease, retake possession of said premises, and rent the same for such rent, and upon such condition as the

lessor may think best, making such changes and repairs as may be required, giving credit for the amount of rent so received less all expenses of such changes and repairs, and *said lessee shall be liable for the balance of the rent herein reserved until the* expiration of the term of this lease." (Italics are ours.)

The particular clause upon which defendant seeks to predicate a defense and which was typewritten on the form, reads as follows: "Lessee has paid and lessor has received the sum of Seventy-five dollars ($75.00) as and for the last month's rent of said premises in case said lessee shall remain in possession thereof, during the entire term of this lease. If not, said sum shall be applied upon any loss to lessor caused by the vacation of said premises by lessee."

Reference will be made to the parties by name or as lessor and lessee.

Mrs. Bronstine lived at the Adams Hotel, of which her son Ben was the manager. Bastien was the manager of the S. H. Kress & Company store in Denver.

Lessee took possession April 10, 1936, and at that time gave a check for $150 covering the first and last monthly rent installments. In the early fall of the same year, lessee purchased a home and vacated the leased premises as of October 10, 1936. Lessor waited until the expiration of the term of the lease, and, having been unable to rent the property, sued for the five unpaid installments of rent.

The crucial question involved is whether the court erred in directing the jury to return a verdict for plaintiff. In deciding this question we will consider: 1. Whether there was any evidence of agreement by lessor to accept the surrender of the premises and cancel the lease. 2. Whether the typewritten paragraph converted the action into one at common law for damages which should have been submitted to the jury for determination.

The evidence to sustain the allegation of surrender of the property and acceptance by plaintiff, as stated by

524

counsel for lessee, is as follows: "On direct examination Ruth Bastien (defendant's wife) testified that she had conversation with plaintiff about the first of September in which Mrs. Bastien informed the plaintiff that they were going to move about the 10th of October; that thereafter she had a telephone conversation with the son of plaintiff, Ben Bronstine, in which she likewise informed him that they proposed to move about the 10th of October, and in reply he stated, 'No, you are not, you have a lease.' 'I said (Mrs. Bastien), Yes, but the clause releases us by forfeiting $75.00' and he says, 'Well, we will sue you every month.'

"That about a week before the Bastien's moved, the son of plaintiff came to the door and introduced himself to Mrs. Bastien and said, 'I know you want to get rid of the lease. I have a friend who is interested in the place, in buying the place and would I mind if he showed it to him there.' So, he had this man and his wife and another gentleman in and I took them through the house. * * * He went all through it. I told them we were getting ready to move, if they did not object to the condition of the house, they could go through. Q. Did he at any time make any objections or protest to you vacating? A. No, he was just as nice as could be. Q. Did you vacate on or about the 10th of October? A. Yes, sir. Q. At that time did you have any conversation with Mrs. Bronstine? A. I called her and said, 'We are moving, Mrs. Bronstine, and I will arrange to leave the key at the Adams Hotel,' and she says, 'All right.' * * * Q. From that time until the commencement of the suit, did you hear anything from Mrs. Bronstine? A. No. Q. Did you hear anything from Ben Bronstine? A. No. Q. Did they notify you that they intended to hold you for the rent under the lease? A. No."

There is no conflict in the testimony in this case. Both parties agree as to what was said and done. The evidence wholly failed to establish any acceptance of a surrender,

or any basis for estoppel. The admitted facts, in our opinion, show an abandonment of the lease by lessee.

The argument of counsel for lessee in support of their contention that the action is one at common law for damages is not persuasive. As already indicated, there was no showing by lessee that lessor failed in any way to comply with the terms of the lease as to rerenting the premises after October 10th. That, in our opinion, is the only possible question the court would have been justified in submitting to the jury for consideration; otherwise, the damages are liquidated and lessee's counsel so denominates them in his brief.

█ Whatever the typewritten language may mean if considered independently, it must be construed in connection with the other clauses above quoted. There is no mitigation of damages involved.

█ Finally, as to the error assigned to the court's rejection of lessee's offer of proof which was as follows:

"That on that occasion [before the lease was signed] the following conversation was had between Mrs. Bastien and Mrs. Bronstine, Mrs. Bastien asked Mrs. Bronstine if she would rent the house by the month, and Mrs. Bronstine answered that she would not do that, to which Mrs. Bastien said, 'I do not want to lease the house because I do not want to be tied up for a year in case we see a good buy, or in case we do not like the house after we move in.' Mrs. Bronstine said, 'In that case then that she would have to have the first and last months rent'."

The court did not err in rejecting this offer because it was an attempt to vary the terms of the lease, and the language of the typewritten clause which this conversation was intended to explain, needs no explanation when construed with the other provisions; also the lessee, a man of acknowledged business experience, admitted having read the lease before he signed it.

The evidence further discloses that Mrs. Bastien did leave the key with the clerk at the Adams Hotel, and that

nothing further was said by either party until this suit was instituted. It is undisputed that lessor did all he was required to do under the terms of the lease in endeavoring to find another tenant.

On this evidence we think the court was right in holding, as a matter of law, that there was no evidence of any agreement for a cancellation of the lease and surrender of the premises. Whatever possible construction lessee might seek to place upon the conversations had by his wife with lessor's son (agency acknowledged), it is clear that the son meant what he said when he told her, "We will sue you every month." No significance can attach to the response, "All right," to the statement of lessee's wife that, "I'll arrange to leave the key at the Adams Hotel," See *260 Seaman Ave. Corp. v. Armstrong,* 130 Cal. App. 612, 20 P. (2d) 715.

Lessee also contends that because lessor did not protest after October 10th, there is a basis for estoppel, relying on the decision in the case of *Millis v. Ellis,* 109 Minn. 81, 122 N. W. 1119, where the court said, "The case turns on the question whether, by retaining the key, assuming possession of the premises and by failing to object to respondent's movements, appellant is estopped from enforcing the terms of the lease." The question being answered in the affirmative by the Minnesota court, this language would seem to support lessee's position; but the facts in that case were entirely different from those established in the case at bar. There the landlord agreed to, and did, accept the tenant's surrender of the premises, and resumed possession, which of course makes the authority inapplicable here.

It is not surprising that lessee cites no Colorado case to sustain his position, because it is quite apparent that under our decisions the law is contrary to his contentions. It is settled in this state that cancellation or surrender of a lease, when relied upon as a defense, is an affirmative one, and he who urges it must establish it by

a preponderance of the evidence. *Fehringer v. Wagner-Stockbridge Co.*, 61 Colo. 359, 157 Pac. 1071.

It will be conceded that where there is conflicting evidence on the fact of cancellation or termination, the question must be submitted to the jury, but as already indicated, there was no conflict here. Lessee admits that lessor informed him that he, the lessor, would sue him for the rent if it was not paid. This indicates that the surrender was not accepted either in intent or fact, and consequently the court's action below was quite in accord with the rule as stated in *Ruple v. Taughenbaugh*, 72 Colo. 171, 210 Pac. 72.

Under the circumstances the trial court did not err in directing the verdict. *Mageon v. Alkire*, 41 Colo. 338, 92 Pac. 720.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.