HENRY H. BOWMAN v. L. H. PLUMB.[1]

November 2, 1945.

No. 34,016.

[1]Reported in 20 N. W. (2d) 493.

548

*Joseph J. Granbeck* and *Lyle Pettijohn,* for appellant.
*Stinchfield, Mackall, Crounse & Moore,* for respondent.

LORING, CHIEF JUSTICE.

Plaintiff brought action against defendant to recover $735 alleged to be due for rental of a certain popcorn canteen belonging to plaintiff and leased to defendant on or about July 1, 1935; and for the sum of $50 for the conversion by defendant of certain equipment and accessories attached to or included with said canteen at the time of its delivery to defendant. Defendant denied that he was indebted to plaintiff, and alleged that in June 1936, more than six years prior to the commencement of the action, plaintiff had terminated his lease and rerented the identical property to one Alice Halstensgaard; hence that both actions of plaintiff were barred by the statute of limitations. Minn. St. 1941, § 541.05 (Mason St. 1927, § 9191).

The trial court found that on July 1, 1935, plaintiff had rented the popcorn canteen, with certain accessories, to defendant for the sum of $25 per month, with the provision that said lease might

be terminated at any time by either party thereto; that defendant had paid plaintiff thereon a total of $50, the last payment being made on October 2, 1935, more than six years prior to the commencement of the action; that said lease was terminated by plaintiff in June 1936, when he rented the same property to one Alice Halstensgaard. Based on such findings, the trial court determined that plaintiff's actions were barred by the statute of limitations.

On November 27, 1944, plaintiff's motion for amended findings and conclusions or for a new trial was denied. This appeal is from the court's order denying that motion.

■ Plaintiff asserts that there is no evidence to sustain the trial court's finding that a new agreement was made in June 1936 between him and Alice Halstensgaard covering the lease of the property involved. He concedes that some conversation took place between him and Alice Halstensgaard to the effect that he would lease the popcorn canteen to her for $15 a month commencing in June 1936, but he asserts that this was conditioned upon defendant's being out of the agreement completely, and that later he went to the premises where the machine was located and saw defendant still operating the machine. From this he concluded that the new lease had not been consummated.

The evidence indicates, however, that plaintiff actually accepted and retained the sum of $15 from Alice Halstensgaard on the new lease. It further indicates that at the time of the negotiations with her a written lease for five months was prepared and submitted by plaintiff to Alice Halstensgaard for signature. No reference was made therein to defendant or to any conditions involving him. It was not executed by the parties, because Alice Halstensgaard did not wish to be bound for a definite length of time. Apparently the oral lease from month to month was then agreed upon, as evidenced by plaintiff's acceptance of the first month's rental thereon.

Plaintiff subsequently visited the canteen and observed defendant operating it, but made no inquiry as to defendant's relationship to Alice Halstensgaard or as to the functions defendant was

then performing. He made no objection either to defendant or to Alice Halstensgaard and did nothing to terminate or rescind his agreement with the latter. He retained the rental she had paid and took no steps to repossess the machine or collect from defendant on the prior lease. There is nothing in the record to indicate the relationship between defendant and Alice Halstensgaard, and no evidence that the conditions upon which plaintiff claims he leased the property to Alice Halstensgaard were violated. Under such circumstances, it is clear that there was ample evidence to sustain the finding of the trial court that a new lease between plaintiff and Alice Halstensgaard was made as of June 1936, and that defendant's liability for rentals subsequent thereto ceased and terminated as of that date.

A lease may be terminated by operation of law where the owner of the leased premises has been a party to some act the validity of which he is estopped from disputing. It may be thus terminated when the landlord voluntarily assumes a position incompatible with the existence of the relationship of landlord and tenant as between said landlord and the original lessee. Thus, if a landlord accepts a third party as a tenant in place of a prior lessee, in effect this constitutes an acceptance of the surrender of the leased property and a consequent termination of the prior lease by operation of law. See, 4 Dunnell, Dig. & Supp. § 5407; Maze v. Minneapolis Willys-Knight Co. 184 Minn. 5, 237 N. W. 612; Minneapolis Elec. Lamp Co. v. Federal Holding Co. 175 Minn. 421, 221 N. W. 645; Millis v. Ellis, 109 Minn. 81, 122 N. W. 1119; Paget v. Electrical Eng. Co. 85 Minn. 311, 88 N. W. 844; Haycock v. Johnston, 81 Minn. 49, 83 N. W. 494, 1118.

Further, it is clear that, since the new lease was made more than six years prior to the commencement of the action, any claims against defendant for rent prior thereto are barred by the statute of limitations. The same reasoning applies to plaintiff's action for conversion of accessories and equipment. There is nothing in the record to indicate that the machine was not in good order at the time it was delivered to Alice Halstensgaard in June 1936. Any

subsequent loss, damage, or conversion of accessories must be charged to her rather than defendant.

Plaintiff asserts that the new arrangement with Alice Halstensgaard did not become effective because defendant was not notified of the termination of his lease. It is conceded that the original lease might be terminated at any time by either party thereto. If plaintiff chose to terminate it and effectively did so by leasing the property to Alice Halstensgaard, he cannot escape the responsibility of his actions in this respect by claiming that he did not notify defendant thereof, and hence that defendant continued liable under the original lease. The duty was upon plaintiff to notify defendant of the new contract, and he cannot urge his own failure in this respect against defendant. Further, the evidence discloses that subsequent to June 1936 defendant stated that he was operating the machine "for Alice Halstensgaard" and hence apparently had been notified and was aware of the new arrangement with his successor.

Plaintiff further asserts that he should be granted a new trial because defendant failed to produce Alice Halstensgaard as a witness. Under cross-examination plaintiff admitted that he had made the lease with her. Accordingly, if he sought to prove that the lease did not become effective because of partial failure of consideration or had been terminated because of breach of conditions upon which it was based, the burden of proof was upon him to establish such facts. In consequence, the attendant duty to produce witnesses to establish the same fell upon him rather than upon defendant. Since there is ample evidence to sustain the trial court's findings, even in the absence of said witness, it cannot be said that the failure to produce her constitutes error or forms a sufficient basis to justify the granting of a new trial.

Affirmed.