**In re TIMBER LODGE STEAKHOUSE, INC.,**
**Debtor.**

**Bankruptcy No. 06–41228.**

United States Bankruptcy Court,
D. Minnesota.

Oct. 29, 2007.

John M. Koneck, Ryan Murphy, Fredrikson & Byron PA, Minneapolis, MN, for AEI Fund Management Inc.

Thomas Lallier, Foley & Mansfield P.L.L.P., Minneapolis, MN, for Crown Bank.

Cass Weil, Moss & Barnett, Minneapolis, MN, for J & B Group Inc.

Ralph Mitchell, Lapp Libra Thomson Stoebner & Pusch, Mpls, MN, for Lily Ko, Reinhart Foodservice LLC and Shen Ko Investment Group LLC.

Thomas J. Wratkowski, Minneapolis, MN, for Kraus-Anderson Inc.

Thomas Flynn, Larkin Hoffman Daly & Lindgren, Bloomington, MN, for Larkin Hoffman Daly & Lindgren and Timber Lodge Steakhouse, Inc.

Jane Welch, Morrison Fenske & Sund, P.A., Minnetonka, MN, for Medica.

Larry B. Ricke, Leonard, Street & Deinard P.A., Minneapolis, MN, for Minnesota Timberwolves Basketball Limited.

Christopher O'Brien, Office of Counsel, Albany, NY, for New York State Department of Taxation.

Joseph W. Lawver, Messerli & Kramer PA, Minneapolis, MN, for Realty Development-West.

Alan E. Brown, Kenneth Corey-Edstrom, Larkin Hoffman Daly Lindgren Ltd., Bloomington, MN, for Timber Lodge Steakhouse, Inc.

Michael E. Ridgway, Sarah J. Wencil, U.S. Trustee Office, Minneapolis, MN, for U.S. Trustee.

## Order Partially Disallowing Claim No. 78–1

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard on September 13, 2007, on objection by Debtor Timber Lodge Steakhouse, Inc., to claim no. 78–1 filed by Shen Ko Investment Group, LLC, in the amount of $278,110.72, resulting from the Debtor's rejection of a lease of Wisconsin real estate where the Debtor had operated one of its restaurants.

Thomas J. Flynn appeared for the Debtor, and Ralph V. Mitchell appeared on behalf of Shen Ko. Based on the pleadings, arguments and relevant documents filed in connection with the proceeding, the Court being fully advised in the matter, now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I

Shen Ko Investment Group, LLC's claim in the amount of $278,110.72 includes damages calculated under 11 U.S.C. § 502(b)(6) for future damages under a rejected lease attributed by Shen Ko to a period after Shen Ko sold the leasehold property to a third party following the rejection by the Debtor. The Court concludes that as a matter of law Shen Ko mitigated its damages by the sale and is not entitled to any damages under 11 U.S.C. § 502(b)(6) for the period following consummation of sale of the property post rejection.

### II

Shen Ko Investment Group, LLC was the landlord under a nonresidential lease for a Timber Lodge Restaurant location in Madison, Wisconsin. On August 8, 2006, this Court entered an order approving the rejection of the Madison lease, effective as of July 13, 2006. Following the rejection of the Madison lease, Shen Ko sold the entire property to a third-party purchaser in August 2006. Shen Ko, in the purchase and sale documents, reserved its claim for damages against the Debtor. The claim was timely filed and includes damages calculated under 11 U.S.C. § 502(b)(6) for a period post sale. Shen Ko argues that Minnesota law applies by terms of the lease, that under Minnesota law Shen Ko was not required to mitigate its damages calculated under

§ 502(b)(6), and that the sale should not result in the reduction of its claim for post sale damages. The Court disagrees.

11 U.S.C. § 502(b)(6) provides:

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (I) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(6) if such claim is the claim of a lessor for damages resulting from the termination of a lease of real property, such claim exceeds—

(A) the rent reserved by such lease, without acceleration, for the greater of one year, or 15 percent, not to exceed three years, of the remaining term of such lease, following the earlier of—

(I) the date of the filing of the petition; and

(ii) the date on which such lessor repossessed, or the lessee surrendered, the leased property; plus

(B) any unpaid rent due under such lease, without acceleration, on the earlier of such dates;

Shen Ko begins by arguing:

Williston acknowledges that a landlord has no duty to mitigate damages upon breach of a lease under Minnesota law:

Under the traditional view of the common law, still followed in some jurisdictions, the landlord is under no duty to attempt to relet the premises following the tenant's abandonment of them before the expiration of the lease; the lessor may remain inactive and sue the tenant for the rent when it matures. Williston on Contracts § 66:87, citing *Markoe v. Naiditch and Sons*, 303 Minn. 6, 226 N.W.2d 289 (1975); *Control Data Corp. v. Metro Office Parks Co.*, 296 Minn. 302, 208 N.W.2d 738 (1973). *Gruman v. Investors Diversified Services. Inc.*, 247 Minn. 502, 78 N.W.2d 377 (1956).

Supplemental Memorandum in Response to Debtor's Objection to Claim of Shen Ko Investment Group, LLC., August 20, 2007, pp. 2, 3.

 While that might be true, once the lease is terminated a duty to mitigate damages arises under Minnesota law.[1]

Under Minnesota case law, even when a lease has been terminated the landlord is entitled to an amount equal to the "damages resulting from the breach with the attendant obligation upon the [landlord] to use reasonable efforts to mitigate such damage subsequent to the breach." *Gruman v. Investors Diversified Services, Inc.*, 247 Minn. 502, 508, 78 N.W.2d 377, 381 (1956) (citing *Newberg v. Conley*, 190 Minn. 459, 252 N.W. 221 (1934)).

*Provident Mut. Life. Ins. Co. v. Tachtronic Instruments, Inc.*, 394 N.W.2d 161, 165 (Minn.Ct.App.1986).

---

1. Even if there was no duty to mitigate damages under Minnesota law, there is the duty under 11 U.S.C. § 502(b)(6). *See: In re Bob's Sea Ray Boats, Inc.*, 143 B.R. 229, 231 (Bankr.D.N.D.1992) ("As with any claim for damages arising out of the breach of a lease, a claim for damages under section 502(b)(6) is subject to mitigation including an obligation on the part of the landlord to attempt the re-letting of the premises."); *In re Highland Superstores, Inc.*, 154 F.3d 573, 577 ("Because a lessor has a duty to mitigate its damages, see *In re Bob's Sea Ray Boats, Inc.*, 143 B.R. 229, 231 (Bankr.D.N.D.1992), if the lessor has relet the premises at a higher rent, it generally will have no section 502(b)(6) claim.").

■ But, duty is not an issue here. The undisputed fact is that Shen Ko sold the property to a third party purchaser who now occupies the property in the operation of a business. Consummation of the sale terminated the lease and was a mitigation of damages.

A lease may be terminated by express agreement or by implied agreement (sometimes called termination by operation of law), termination by estoppel, or acceptance of surrender. *See Trimble v. Lake Superior & Puget Sound Co.*, 99 Minn. 11, 108 N.W. 867 (1906). A surrender by operation of law arises from a condition of fact that is voluntarily assumed and that is incompatible with the existence of a landlord-tenant relationship. *Hildebrandt v. Newell,* 199 Minn. 319, 323, 272 N.W. 257, 259 (1937). When, as here, the lease expressly permits re-entry by the landlord, there must be unequivocal proof that the landlord intended to forgive the tenant's further obligations under the lease and accepted the tenant's surrender of the premises. *See Sjoberg v. Hartz,* 199 Minn. 81, 84, 271 N.W. 329, 331 (1937) *Provident Mut. Life. Ins. Co. v. Tachtronic Instruments, Inc.,* 394 N.W.2d 161, 164 (Minn.Ct.App.1986).

Sale of the leased property to a third party constitutes the "unequivocal proof that the landlord intended to forgive the tenant's further obligations under the lease and accepted the tenant's surrender of the premises." *See: Bowman v. Plumb,* 220 Minn. 547, 550, 20 N.W.2d 493 (1945) ("lease may be terminated by operation of law where the owner of the leased premises has been a party to some act the validity of which he is estopped from disputing. It may be thus terminated when the land-

lord voluntarily assumes a position incompatible with the existence of the relationship of landlord and tenant as between said landlord and the original lessees. Thus, if a landlord accepts a third party as a tenant in place of a prior lessee, in effect this constitutes an acceptance of the surrender of the leased property and a consequent termination of the prior lease by operation of law.")

And, as stated in Williston on Contracts:[2]

If a landlord accepts the surrender of a lease ... the landlord cannot recover that rent that would otherwise accrue thereafter, and the same is true if the landlord sells the premises.

Williston on Contracts, § 66:86.

### III

Based on the forgoing discussion, the Court concludes that Shen Ko Investment Group, LLC has no right to damages under 11 U.S.C. § 502(b)(6) that would represent future damages under the rejected lease after consummation of the sale of the leased property by Shen Ko following the rejection. Accordingly, IT IS HEREBY ORDERED:

1. Claim no. 78–1, filed by Shen Ko Investment Group, LLC, in the amount of $278,110.72, resulting from the Debtor's rejection of a lease of Wisconsin real estate where the Debtor had operated one of its restaurants, is DISALLOWED to the extent that it includes future damages calculated under 11 U.S.C. § 502(b)(6) for any period following consummation of the sale of the leased property, and is ALLOWED to the extent the claim includes dam-

**2.** *See also: Ozarks Unlimited Resources Cooperative, Inc. v. Edward C. Daniels, Jr., et al.,* (333 Ark. 214, 969 S.W.2d 169) (1998); *McGuire v. City of Jersey City,* 125 N.J. 310, 593 A.2d 309 (1991).

ages for the period prior to consummation of the sale.